Submitted on brief March 22, reversed April 4, 1916.

# BREWSTER v. SPRINGER.

### (156 Pac. 433.)

**Mandamus—Complaint—Sufficiency.**

1. Under Sections 6616, 6617, 6619, 6621, L. O. L., requiring the state water board to appoint a water-master for each water district, defining his duties, specifying his compensation, and requiring him to present a bill for services to the water commissioners of the proper county, in *mandamus* by a water-master to compel county commissioners to allow his claims for services, where the complaint showed neither that plaintiff began work by reason of a written demand of the water users, and attached it to his bill and forwarded it to the County Court, or began work on the order of the water superintendent, such complaint was insufficient, since to entitle plaintiff to relief by *mandamus* the complaint must show beyond question that he has done every act necessary to entitle him to recover.

[As to *mandamus* against a public officer, see note in 98 Am. St. Rep. 863.]

**Mandamus—Pleading Contingency.**

2. In *mandamus* proceedings by a water-master to compel county commissioners to allow his claims for services, the contingency should be pleaded that he rendered bills monthly or at different times during the session, so that the attaching of the original request of water users for him to render services, required by Section 6621, L. O. L., was unnecessary after presentment of the first claim to the County Court.

**Waters and Watercourses—Water Districts—Beginning Work by Water-master—Statute.**

3. By direct provision of Section 6621, L. O. L., the water-master of a water district can legally begin work only upon written demand being made on him by one or more water users, or upon call of the division superintendent.

**Mandamus—Pleading—Services of Water-master.**

4. In a proceeding in *mandamus* by a water-master, it is not sufficient to allege in the complaint that plaintiff was the duly appointed, qualified and acting water-master of the district, but such pleading should set forth that the services performed were upon the written demand of the water users or by order of the division superintendent.

**Mandamus—Bar by Remedy at Law—Statute.**

5. Under Section 613, L. O. L., providing that a plain, speedy and adequate remedy at law bars relief by *mandamus*, a water-master could not proceed by *mandamus* to compel county commissioners to allow his claims for services, as the only relief he could obtain would be a judgment that the county should pay his demand, which would be done by a county warrant, such as would be drawn to satisfy the judgment in an ordinary action at law.

Waters and Watercourses—Compensation of Water-master—Statute—
  Mandatory Character.

6.  Section 6619, L. O. L., providing that, upon presentation to the
county court by a water-master of his claim for services, approved
by the division superintendent and accompanied by the written de-
mand of the water users that the water-master begin work, the
County Court, shall allow it, is mandatory and conclusive upon the
County Court, as it is if the services were rendered upon the order
of the division superintendent.

From Crook: T. E. J. DUFFY, Judge.

In Banc.    Statement by MR. JUSTICE EAKIN.

This is a proceeding in *mandamus* by George H.
Brewster against G. Springer, county judge, and J. F.
Blanchard and H. J. Overturf, county commissioners,
sitting for the transaction of county business, to com-
pel them to allow certain claims presented by the
water-master of Cook County for services rendered by
himself and assistant in their official capacities.

Submitted on briefs without arguments under the
proviso of Supreme Court Rule 18: 56 Or. 622 (117
Pac. xi).                                        REVERSED.

For appellants there was a brief submitted over the
names of *Mr. M. R. Elliott* and *Mr. Willard H. Wirtz,*
District Attorney.

For respondent there was a brief over the name of
*Mr. Jay H. Upton.*

MR. JUSTICE EAKIN delivered the opinion of the
court.

1–3. Under the provisions of Section 6616, L. O. L.,
the state board of control, now the state water board,
is required to appoint a water-master for each water
district.  Section 6617 defines his duties.  Section
6619 specifies that his compensation shall be at the

rate of $5 per day while actively employed in the duties of his office, but contains the further provision that, where the service may be improved by continuous employment, he may, upon recommendation of the district superintendent and approval of the County Court, receive pay at the rate of $100 a month. The same section contains the following language:

"Each water-master shall keep a true and just account of the time spent by him in the duties of each county, respectively, in which his duties may extend, and he shall present a true copy thereof, verified by oath, to the County Court sitting for the transaction of county business of the county in which his work may be performed. And the County Court shall, upon approval thereof by the superintendent of the water division, allow and pay the same; provided, any water-master may be suspended by an order of the County Court of any county in which his district may lie in case said court shall find and enter an order to the effect that said water-master is claiming more time than the public service requires, and during such suspension such water-master shall receive no pay."

Section 6621 is as follows:

"When arrangements are not made for employment of a water-master at a monthly rate, as provided in Section 6619, the said water-master shall begin his work upon written demand being made upon him therefor by one or more water users. Such written demand for his services shall be attached to his bill for services and forwarded with it to the county commissioners of the proper county. Where the said water-master is employed by the month he shall begin work and terminate his services as the superintendent of his water division may direct. The division superintendent may, under any condition, call upon the water-master for work within his district whenever the necessity therefor may in his judgment arise."

The demurrer to the writ should have been sustained. To recover, plaintiff must either have shown that he began work by reason of a written demand of the water users, and that he attached such demand to his bill and forwarded it to the County Court, or that he began work upon the order of the water superintendent. He has done neither, and his complaint is therefore insufficient. In order to entitle plaintiff to the relief by this extraordinary remedy the complaint must show beyond question that he has done every act that is necessary to entitle him to recover. Of course, where a bill is sent in monthly, or at different times during the season, the attaching of the original request of the water users becomes impracticable and unnecessary after the first claim has been presented, the County Court already having it, but this contingency should at least be pleaded.

4–6. It is claimed that the allegations that the plaintiff was the duly appointed, qualified and acting watermaster of the water district of Crook County and was actively employed in performing the duties of his office practically cover the requirements of the statute, but all may be conceded and yet the requirement of the statute that he attach the demand of the water users to his bill is not complied with. It is not sufficient that he should have been appointed, qualified, or acting, or even actively employed, in the duties of his office. He might have been all the first three, and actively performing the work of a water-master, without the demand of the water users or the order of the division superintendent, and in such case the work would be merely voluntary. The word "duly," unless its use is given a different significance by statute, states a mere conclusion of law and adds nothing to the force of the allegation. In addition to this objection

we are of the opinion that *mandamus* will not lie in this case, for the reason that plaintiff has a plain, speedy and adequate remedy at law, which by Section 613, L. O. L., constitutes a complete bar to this remedy. The county has but one method of paying a demand, and that is by issuing a county order. The only relief plaintiff could obtain by this proceeding would be a judgment that the county should pay his demand and the costs of the proceeding, and the exigency of the judgment would be satisfied by presenting a certified copy of it to the county clerk, who is required to draw a warrant upon the treasurer for the amount, which is thereafter to be paid in like manner as other county orders: Section 361, L. O. L. A judgment in an ordinary civil action to recover the sum due would produce exactly the same result. Where the claim is properly presented in the manner hereinbefore indicated, we think the County Court has no discretion to refuse to allow it. Section 6619, L. O. L., is mandatory. It provides that upon the presentation by the water-master of his claim, approved by the division superintendent and accompanied by the written demand of the water users, the County Court shall allow it. A claim so approved and accompanied with the demand, if the services are rendered upon demand of the water users, is absolutely conclusive upon the County Court. If the services were rendered upon the order of the division superintendent, the claim, if approved by him, is likewise conclusive, and the court cannot go behind such approval. It is true that the County Court may suspend the functions of the water-master, but it is evident that this suspension is intended to be temporary only and until the district superintendent can act, as appears from Section 6621, L. O. L., which provides:

"The division superintendent may, under any condition, call upon the water-master for work within his district whenever the necessity therefor" shall arise.

The judgment is reversed and the proceeding dismissed, without prejudice to plaintiff.

REVERSED.