Submitted on briefs September 12, affirmed September 19, 1916.

## BREWSTER v. CROOK COUNTY.

(159 Pac. 1031.)

**Waters and Watercourses—Services of Water-master—Compensation.**

1. Complaint in action against county, alleging that plaintiff was the duly elected, qualified and acting water-master, and that he rendered services under and by virtue of the order, authority and direction of the superintendent of the division, is sufficient under section 6621, L. O. L., stating when water-masters shall begin work, to show that the work was done on direction of the superintendent.

**Pleading—Matter Provable Under General Denial.**

2. Defendant county having denied approval of water-master's claims for services, a further answer that the claims were conditionally approved, but wrongfully filed contrary to the conditions, is demurrable; such matter being admissible under general denial.

**Waters and Watercourses—Services of Water-master—"Emergency."**

3. Complaint in action against county on claim for services as water-master showing that the master was busy at one point, and it was immediately necessary to supervise headgates at a distant point, and that on another occasion, the master broke his arm and was forced to have an assistant, sufficiently shows an "emergency" within the meaning of Section 6620, L. O. L., to entitle him to claim for services of assistants then appointed.

**Waters and Watercourses—Water-master—Compensation.**

4. Section 6619, L. O. L., providing that on approval by the division superintendent the county court shall allow and pay the water-master's claim for services, makes it mandatory for the county court to pay a claim so approved.

**Trial—Instructions.**

5. Error cannot be predicated upon refusal of an instruction substantially covered by others given.

Waters and Watercourses—Water-master—Compensation—Claim.

6. When the water-master performs his work under direction of the division superintendent, he need not attach a copy of the order to his bill for services, under section 6621, L. O. L., whose requirement that the order be attached applies only when the work is done at the request of water users.

[As to what are and what are not official acts of officers generally, see note in 6 Am. St. Rep. 130.]

From Crook: T. E. J. DUFFY, Judge.

In Banc.    Statement by MR. JUSTICE BEAN.

This is an action by George H. Brewster against Crook County to recover a balance of $155 for services as water-master in Crook County, and $177 for the work of assistants for 46 days, claims for which were assigned to plaintiff, Brewster. The cause was tried to the court and jury, and a verdict rendered in favor of plaintiff. From a judgment thereon the county appeals.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

AFFIRMED.

For appellant there was a brief submitted over the names of *Mr. Willard H. Wirtz,* District Attorney, and *Mr. M. R. Elliott.*

For respondent there was a brief over the name of *Mr. Jay H. Upton.*

MR. JUSTICE BEAN delivered the opinion of the court.

This matter was before us in the case of *Brewster v. Springer,* 80 Or. 68 (156 Pac. 434), and the law applicable thereto was plainly enunciated therein in an opinion by Mr. Justice EAKIN. In the present case the jury has passed upon the facts so that little re-

mains to be said except to consider the assignments of error upon the trial.

1, 2. The overruling of the demurrer to the complaint is assigned as error by the defendant. That pleading shows, in effect, that plaintiff is the duly appointed, qualified and acting water-master; that, "under and by virtue of the order, authority and direction of the superintendent of water division No. 2 of the State of Oregon," he rendered services as such water-master in said county for 120 days between March 1 and June 30, 1915, and was entitled to receive therefor $5 per day, the amount of compensation theretofore fixed by the County Court of that county; that on different dates plaintiff presented to that tribunal two separate claims for such services, with a true copy of a statement of the time spent by him in such duties, verified by his oath, and that each of said claims was approved by the superintendent of water division No. 2 of the State of Oregon; that the County Court allowed and paid $445 of the amount, leaving a balance of $155 unpaid. It is urged that the complaint is insufficient, in that it does not show that plaintiff was called upon by the superintendent of water division No. 2 to perform the work, it being claimed by defendant that the complaint merely shows that the water-master was, as a matter of law, under the authority of the superintendent. There is no merit in the contention. A reading of the above-quoted part of the complaint clearly shows that the services were performed at the call of the superintendent: Section 6621, L. O. L. The allegation as to the authority of the superintendent for the work was not denied, but, nevertheless, was abundantly proven by the evidence. Defendant denied that either of said claims was approved by the division superintendent, and in a further

and separate answer averred, in effect, that the latter indorsed the claims of plaintiff with his approval, with the understanding that if not satisfactory to the County Court, they should not be filed with it, and that plaintiff wrongfully filed the same. A demurrer by plaintiff to the further and separate answer was sustained, and defendant predicates error upon such ruling.

It seems too plain for argument that the allegations of the further and separate answer did not add anything to nor change the denial of defendant that the superintendent approved the claims. If there had been any error or want of approval of the claims by the division superintendent, the defendant could have shown the same under the general denial, and the demurrer was properly sustained. It would have been a simple matter for defendant to have had the division superintendent inform the court and jury by his deposition if there had been a condition or anything lacking in his full approval of the claims. Plaintiff's proof that they were duly approved was not controverted.

3. As to the assigned claims for the services of assistants, it is urged by defendant that the complaint is deficient, in that the allegations that an emergency existed in the office of the water-master, necessitating the appointment of assistants, are mere conclusions of law. In the second cause of action the averment as to the need of such assistance is as follows:

"That on or about the fifteenth day of March, 1915, and while plaintiff was engaged in the active performance of his duties as water-master aforesaid in the vicinity of and east of Prineville, in Crook County, it became and was immediately necessary to supervise the headgates on Squaw Creek, in Crook County, Oregon, and by reason of said condition and necessity an

emergency existed in the office of said water-master, and under authority and by virtue of the laws of the State of Oregon, the plaintiff, as such water-master, appointed one Walt Graham as an assistant water-master of the State of Oregon for Crook County, and said Walt Graham thereupon duly qualified as such acting assistant water-master, and rendered services as such assistant water-master within said Crook County for a period of seven days, at an agreed compensation of $3 per day."

In the third cause of action such necessity is shown as follows:

"That on or about the twenty-second day of May, 1915, the plaintiff, as water-master aforesaid, was suffering from a broken arm, and was unable to visit and attend to the ditches in the western part of Crook County and to also attend to and look after the duties in the main office of the water-master at Prineville, in Crook County, and supervise the work of said office, and by reason thereof an emergency existed in the office of said water-master, and plaintiff, as such water-master, under the authority vested in him as such water-master, appointed one Roy Rannalls as such assistant water-master at an agreed compensation of $4 per day, and said Roy Rannalls thereupon qualified as such assistant water-master, as required by law, and thereupon and thereafter rendered and performed services as assistant water-master in and for Crook County, Oregon, for a period of 39 days."

In both instances the facts set forth in the complaint constitute an emergency within the meaning of Section 6620, L. O. L., necessitating the assistance. The compensation claimed was approved by the division superintendent. The demurrer to the complaint was properly overruled.

4. Counsel for defendant timely submitted a motion for a nonsuit, and also moved for a directed verdict, and predicates error upon the refusal to grant the

same. The evidence, which we have carefully examined, tended to show that the services for which the amounts are claimed were duly authorized as provided by the statute, and performed; that a just and true itemized statement of account of the time spent by the water-master in the service for the county was kept by that official, and a copy thereof, duly verified, was presented to the county court with the approval of the superintendent, according to the provisions of Section 6619, L. O. L. In its wisdom the legislature saw fit to clothe the superintendent of the water division with authority to appoint a water-master and direct him in the rendition of his services. The statute makes it mandatory for the County Court of the county in which the work of a water-master has been performed and a claim therefor has been properly presented to allow and pay the same: *Brewster* v. *Springer*, 80 Or. 68 (156 Pac. 433). The testimony supports the allegations of the complaint, and is amply sufficient to be submitted to the jury, and there was no error of the trial court in overruling either the motion for a nonsuit or that for a directed verdict.

5. The court's refusal to instruct the jury to the following effect is also assigned as error:

"If you find from a preponderance of the testimony in this case that the plaintiff kept a just and true account of the time spent by him in the duties of the office of water-master in Crook County, and that he has presented a true copy thereof, verified by his oath, to the County Court, sitting for the transaction of county business, and that same was approved by the water superintendent of water division No. 2, then you will find that to be conclusive upon the County Court, and they must pay the same, provided also that said work was performed upon the call of the water superintendent of division No. 2."

This requested instruction was given in substance by the trial court in its charge to the jury. The trial court judge thoroughly explained the issues of the case to the jury, and plainly submitted to the latter the following questions: (1) Did the plaintiff perform his work upon the order of the superintendent? (2) Did he present a claim to the county verified by oath? And (3) did the claim have the approval of the superintendent? The jury found these three things in favor of the plaintiff. The charge given embodied, in substance, all the requested instruction, and properly submitted the questions of fact for the determination of the jury.

6. Error is also predicated upon the instruction of the court to the jury that when the water-master performs his work under the direction of the division superintendent, he is not required to attach a copy of the order of his superior officer to his bill for services. This authority for the rendition of such services is only to be shown in writing, and attached to account for the same when they are rendered upon the written request of one or more water users; Section 6621, L. O. L. This section provides as follows:

"When arrangements are not made for employment of a water-master at a monthly rate, as provided in section 6619, the said water-master shall begin his work upon written demand being made upon him therefor by one or more water users. Such written demand for his services shall be attached to his bill for services and forwarded with it to the county commissioners of the proper county. Where the said water-master is employed by the month he shall begin work and terminate his services as the superintendent of his water division may direct. The division superintendent may, under any condition, call upon the water master for work within his district whenever the neces-

sity therefor may in his judgment arise": *Wattles* v. *Baker County*, 59 Or. 255 (117 Pac. 417).

The instruction was in strict conformity with the statute, and was not erroneous. The interests of the county are carefully safeguarded in the statute, and it is our guide.

Finding no error in the record, the judgment of the lower court is affirmed.                AFFIRMED.