Argued October 8, 1930; writ dismissed March 3, 1931

STATE ex rel. UNITED RAILWAYS CO. et al. *v.*
EKWALL, Circuit Judge

(296 P. 57)

*Charles A. Hart,* of Portland (Fletcher Rockwood and Carey & Kerr, all of Portland, on the brief), for relators.

*Paul R. Harris,* of Portland (Davis & Harris, of Portland, on the brief), for defendant.

ROSSMAN, J. This is an original proceeding in mandamus instituted in this court by the relators, who were the defendants in a personal injury action entitled *R. H. West v. United Railways Co. et al.,* against the defendant who as one of the judges of the circuit court of Multnomah county presided at the trial of that action. The relief sought is an order holding invalid an order made by this defendant which amends the bill of exceptions in that action by striking out the portion thereof which grants the relators (defendants in that action) an exception to an order overruling their motion for a directed verdict.

The issue for solution is, was the defendant justified in thus amending the bill of exceptions. The parties agree that at the conclusion of the taking of testimony in the West case the defendants in that case moved for a directed verdict and that the motion was denied. Subsequently a judgment was entered in favor of the plaintiff, based upon the verdict of the jury. Still later the defendants, in the preparation of their appeal to this court, secured from the official reporter of the circuit court a transcript of the evidence and then noticed that it contained no exception to the order denying their motion for a directed verdict. Thereupon, Mr. Charles A. Hart, their attorney, inquired of the reporter the reason for the omission and was informed that his notes failed to show that an exception had been saved. Mr. Hart then conferred with this defendant and secured permission for the reporter to interpolate in the transcript of testimony the desired

exceptions. The latter having been inserted the appeal was perfected, and the cause was ready for argument in this court when West's attorney discovered that the reporter's notes failed to show that an exception had been saved. Thereupon West filed a motion in the circuit court for an order expunging the notation of the exception from the record. That motion was allowed, and an amended bill which omitted the exception was signed by the defendant and filed in this court. The validity of the order and of the amended bill is the subject-matter of attack in this proceeding. The foregoing facts are undisputed.

It is the contention of the relators that immediately following the denial of their motion for a directed verdict an exception was served, and that the failure of the reporter to note that fact in his record was due to the circumstances that the exception was requested "possibly out of the hearing of the court reporter." Mr. Hart, a reputable member of the bar whose testimony we accept unhesitatingly as the truth, accounted for the absence of an exception in the record, by explaining that plaintiff's counsel proceeded so promptly with his argument to the jury after the denial of the motion that he (Mr. Hart) "went to the judge's bench and said to the judge in words substantially as follows: 'of course I will take an exception to your ruling on the motion for directed verdict,' and thereupon the judge indicated by words that an exception was allowed. The conversation between myself and the judge was possibly out of the hearing of the court reporter." The balance of his testimony supplied the information, which we have already in part mentioned, that is, that when the transcript of testimony came into his possession he noticed that no exception was recorded; that he inquired of the court reporter the

reason therefor and was told that the reporter's official notes did not show any exception; that thereupon he, together with the reporter, called at the judge's chambers, and that after he had informed the judge that the exception had been saved in the above manner "said circuit judge agreed that this was the fact and thereupon authorized and instructed the court reporter to make the correction requested." The exception was noted in the transcript and not in the shorthand notes. The only other witness who testified was the defendant, Judge Ekwall. He stated that when the motion for a directed verdict was denied the official reporter was present and that his notes indicate that the defendants "failed to take an exception to the ruling of the court denying said defendants' motion for a directed verdict, although the defendant at this time is unable to state whether or not the defendants in said cause in fact took an exception or not; that approximately ten or twelve days after the trial of the said case was concluded Mr. Chas. A. Hart, of counsel for the defendants in said cause, appeared before the defendant herein, ex parte, and without any notice to the plaintiff in said cause or to his attorneys, and thereupon stated to the defendant herein that although the original transcript of testimony as transcribed by the official court reporter from his official shorthand notes, taken at the time of the trial, did not indicate that said defendants had taken an exception to the court's refusal to grant the motion for a directed verdict, said counsel had in fact taken an exception. That thereupon the defendant upon said representation of said counsel for the said defendants, and while the defendant in this cause was under the usual press of court business, and without serious deliberation, and without a hearing being had to afford

the plaintiff in said cause opportunity to oppose the same, permitted said counsel to interline" an exception. His statement continues: "That the defendant herein has no remembrance of whether at the time he permitted counsel for the defendants in said action to alter the transcript, as above set forth, he had an independent recollection of the alleged reservation of the said exception; * * *''

■ The relators concede that under the established practice in this state the trial court retains sufficient jurisdiction over the bill of exceptions, until the disposition of the cause by this court, to enable it to make any necessary corrections in the bill. Such has been our holding in several cases: *State ex rel. v. Estes,* 34 Or. 196 (51 P. 71); *Bloch v. Sammons,* 37 Or. 600 (55 P. 438, 62 P. 290); *McGregor v. O. R. & N. Co.,* 50 Or. 527 (93 P. 465, 14 L. R. A. (N. S.) 668); *Ferrari v. Beaver Hill Coal Co.,* 54 Or. 210 (102 P. 175); *McCann v. Burns,* 73 Or. 167 (143 P. 916); *Brewster v. Springer,* 79 Or. 88 (154 P. 418); *Cranston v. Stanfield,* 123 Or. 314 (261 P. 52). In *Brewster v. Springer,* supra, we held:

"Notwithstanding an appeal from a judgment may have been taken and perfected, jurisdiction of the cause is retained by the trial court sufficient to empower it at any time before the appeal is heard and determined, to amend the bill of exceptions so as to make it conform to the facts."

In *Ferrari v. Beaver Hill, etc., Co.,* supra, the amendment was allowed after the cause had been argued and submitted, but before the opinion had been written. Hence it is evident that in the instant case the amendment was not tardy.

■ In all of the foregoing cases the amendment to the bill of exceptions was permitted for the purpose of correcting it; that is, to make it conform to the truth.

The petitioners argue that in the instant case it is evident that only the original bill of exceptions is supported by facts, circumstances and the recollection of those who participated in the trial, and that, hence, since no one has testified to the accuracy of the amended bill the latter cannot be deemed an effort to conform the record to the truth. We notice, however, that § 2-702, Oregon Code 1930, provides:

"The point of exception shall be particularly stated, and may be delivered, in writing to the judge, or entered in his minutes, or taken down by an official stenographer, or by any competent stenographer, at the time it is made   *   *   *."

This enactment was evidently intended to provide specific methods by which an exception could be manifested by the party who deemed himself injured by a ruling. Giving effect to this statute we are bound to hold that a party who claims he saved an exception must substantiate his contention with a writing prepared by one of the aforementioned individuals, that is (1) by the objecting attorney, (2) by the judge, or (3) "by an official stenographer" or (4) by "any competent stenographer." It is true that this section of our laws uses the verb "may" and not the word "must." But we believe that it is abundantly evident that "may" was used in a mandatory sense and not in its permissive form only. For instance it would have been useless for the legislature to have recited four alternatives if it intended that as many more should be available as ingenuity could devise. Moreover, it will be observed that all four of the prescribed methods require that evidence of the exception must be found in some writing. This requirement negatives any thought that an exception resting only in the memory of the attorney will suffice. It seems reasonable to

infer that the requirements just mentioned were intended to lend value and security to a judgment by rendering it immune from attack by alleged exceptions unsupported by written evidence. In addition the remaining provisions of § 2-702, providing as they do that the written evidence of the exception can be impeached by counsel only when they make their claims under oath, lend additional security to the record, and supply additional reason for holding that the aforementioned four methods of saving an exception, all of which require written supporting evidence, are the only available means for so doing. It is therefore our conclusion that an attorney who desires to save an exception must do so in one of the above manners. It is evident that the relators employed none of these methods in their effort to secure the desired exception. Such being the facts we are of the opinion that the proof upon which they rely as support for the original bill of exceptions is defective, and it accordingly follows that the original bill was the proper subject-matter of correction. The same proof likewise shows that the amended bill is a correct transcript of the reporter's notes.

■■ While we believe that the above would be sufficient in itself to warrant a dismissal of the writ, we are further persuaded that a proceeding in mandamus cannot be maintained to accomplish the result which the relators now seek. Section 2-702, in addition to providing the method of saving an exception, also makes provision for the correction of the bill of exceptions until it conforms to the truth. The attorney who finds himself in a dispute with a court concerning an alleged exception must "verify his statement thereof by his own oath and that of two respectable and disinterested persons, or by his own oath and that of the

stenographer who took the same down, and filed the same \* \* \*.'' Provision is made for the opposing counsel then to support the record by affidavits. In the event the dispute is not determined in the circuit court "each statement of the exception, and all affidavits concerning either of them" are attached to the bill of exceptions and are transmitted to this court for our adjudication. Possibly there was no dispute between the judge and Mr. Hart when the latter secured the interpolation, but a dispute existed between "the counsel and the court" when West's attorney called the judge's attention to the fact that the reporter's notes failed to show an exception. The dispute having arisen the relators should have availed themselves of the method of terminating it provided by this section of our laws. Had they done so this proceeding in mandamus would have been unnecessary, and since the writ of mandamus, which is extraordinary in nature, will not issue where there is another plain, speedy and adequate remedy available in the ordinary course of law, the writ must be denied: *State v. Funk,* 105 Or. 134 (199 P. 592, 209 P. 113, 25 A. L. R. 625); *Brewster v. Springer,* 80 Or. 68 (156 P. 433); *In re Clark,* 79 Or. 325 (154 P. 748, 155 P. 187); *Habersham v. Sears,* 11 Or. 431 (5 P. 208, 50 Am. Rep. 481).

■ Moreover, since the ultimate effect of this proceeding would be to compel the circuit court judge to put into the bill of exceptions a particular statement, when he honestly believes that it does not belong there, the writ cannot be maintained: *Kubik v. Davis,* 76 Or. 501 (147 P. 552); *McElvain v. Bradshaw,* 30 Or. 569 (48 P. 424). It follows that the writ must be dismissed.

BELT, RAND and KELLY, JJ., concur.