Argued September 13, affirmed October 10, 1956

## HARTNELL *v.* HARTNELL

301 P. 2d 1040

*Clifford S. Beckett,* Oregon City, argued the cause and filed a brief for appellant.

*John P. Misko,* Oregon City, argued the cause for respondent. With him on the brief was John O. Sheldahl, Oregon City.

Before WARNER, Chief Justice, ROSSMAN, LUSK and McALLISTER, Justices.

PER CURIAM.

This appeal is from an order giving the mother custody of three minor daughters of the parties. The Hartnells were divorced on November 18, 1950. The

decree then awarded the divorce to the father, the appellant in this matter, and gave him the custody of the parties' four minor children, three little girls and a boy, then respectively eight, six, five and two years of age. Shortly thereafter and during the following years, Mrs. Hartnell instituted unsuccessfully several proceedings prior to this one, looking to a modification of the original decree with respect to custody. Her last effort resulted in an order of modification dated the twenty-fourth day of July, 1953, wherein the custody of the three girls was given to the mother, the father retaining the custody of the son, and making provision for the visitation of the parents with the children. It is from this holding that the father appeals.

At the threshold of our inquiry, we note that the order of modification recites, "* * * the Court being fully advised in the premises, and after visiting with the minor children in the chambers of the Court, finds: * * *."

With our relatively recent holding in *Rea v. Rea* (1952), 195 Or 252, 245 P2d 884, in mind, we turn our attention to the record to ascertain the circumstances under which this judicial visitation with the children was made. There we find that after the contending parents had presented their respective cases and rested, and after the conclusion of argument by counsel, the court stated that "unless counsel should object I would like to have an opportunity to talk with the children, * * * simply in an effort to determine something about the children themselves." Counsel for the respondent mother promptly indicated that she had no objection. The court continuing, suggested that probably the children's interests would be best served if a visitation by the court could be had at some place

out of the courthouse, expressing a desire to interview them under circumstances which would not disturb the children emotionally, unless, as the judge said, "counsel feel they should be brought here." Mr. Hartnell, the children's father and custodian, in response to the court's query where the children presently were, told the court that the oldest daughter, Nancy, was then at a Bible camp, but would be back the following Sunday and that the other three children were spending the day with Mr. Hartnell's aunt. The court then advised Mr. Hartnell that he would like to talk to all of the children and particularly Nancy, but would leave it to counsel to make arrangements for him to see all of the children as soon as Nancy had returned, again adding that counsel might agree between themselves as to where the parties wanted the court to see the children. This part of the discussion was concluded with an admonishment directed to the parents not to discuss with the children the matter of custody or make any reference as to what disposition might be made with respect thereto. Neither party then nor later made any objection to the procedure suggested by the court. The children being in the custody of the father, it is evident to us that the court's recital in the decree to the effect that he visited with them in his chambers, indicates that both parties acquiesced in the court's request for a private interview with the children by not only agreeing to the procedure suggested, but further agreeing that the chambers of the court was a proper place for the interview requested.

In *Rea v. Rea,* supra, and in response to substantially identical circumstances, we said (195 Or 277):

"* * * When the court, in the absence of any stipulation, and in the face of timely objection, makes an independent investigation concerning

child custody, it commits error. Its action, however, is not void for want of jurisdiction. The better-reasoned modern cases tend to support the view that when an independent investigation is made by the court, or *a private conversation is had with an infant whose custodoy is in issue,* or when investigation is authorized and made by a member of the staff of the court, such action, being pursuant to stipulation of the parties or being acquiesced in by the parties, the consideration by the court of such investigation will not constitute reversible error even though the report is not incorporated in the record." (Emphasis ours.)

and at page 279 held:

"If parties acquiesce in an independent investigation they do so charged with knowledge that upon appeal this court will not, because it cannot, try the issue of custody de novo, since the record here will be incomplete. Conscious of the fact that the trial judge, aided by his staff, is in a better position to determine custody than is this court, we see no objection to a procedure whereby parties, in effect, agree that the decision of the trial judge who has had the benefit of testimony in open court, plus independent investigation, shall be final. We hold that consent to such procedure or informed acquiescence therein by the parties, may properly be construed to constitute a waiver of objection to such independent investigation, and consequently, to be a waiver of the right to trial de novo on the specific issue of custody."

In the case at bar, as in the Rea case, the court accorded a full hearing to the parties in open court. Witnesses pro and con testified and the parties rested their respective cases before the independent investigation by the judge was proposed or made. The only difference between the facts reported in the Rea case and the instant matter is, there the judge proposed

an independent investigation be made by a disinterested party with respect to the children, whereas, here, so far as the present record reveals, the judge made his own investigation by a private conversation with the children of the parties. See also *Laurance v. Laurance,* 198 Or 630, 258 P2d 784, wherein the doctrine of *Rea v. Rea* is reaffirmed.

In the present circumstances, we cannot try the issue of custody de novo and are left with no alternative other than to affirm the judgment of the circuit court.