Argued September 6, affirmed October 19, 1960

## JAEGER *v.* JAEGER

356 P. 2d 93

*Walter H. Evans,* Portland, argued the cause for appellant. On the brief were Evans & Kennedy, Portland.

*McDannell Brown,* Portland, argued the cause and filed the brief for respondent.

Before McAllister, Chief Justice, and Rossman, Perry, Goodwin and King, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff from an order of the circuit court which overruled a motion made by her, based upon ORS 18.160, to vacate a decree entered June 29, 1959, which granted to her a divorce, awarded her a half interest in all the property owned by the couple and gave the defendant (father) the custody of the two minor children which were born of the union. The children are boys; one was 3½ years old and the other 2 months old at the time of the trial. The answer alleged that the plaintiff was not fit to have the children's custody. The principal subject of controversy in the circuit court was the custody of the children and such is also the principal issue here. The plaintiff claims that the children should have been awarded to her custody.

ORS 18.160 states:

> "The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

In the trial in the circuit court the plaintiff was represented by capable counsel. She supported her prayer for a divorce with her testimony and also testified as to her fitness to care for the children. The defendant, as a witness in his own behalf, denied in the main the plaintiff's charges that he had treated

her cruelly but asked for no divorce for himself. The parties then stipulated that the trial judge should hear in his chambers outside of the presence of the parties the evidence pertaining to the plaintiff's fitness to be awarded the children's custody. They also stipulated to dispense from that point on with a court reporter. A memorandum opinion of the trial judge which no one challenges as inaccurate states that while these stipulations were being effected "the Court indicated a reluctance to follow the procedure suggested by counsel. It called attention specifically to the rule in *Rea v. Rea,* 195 Or 252." Notwithstanding the views thus announced by the trial judge the stipulations were effected.

The part of the decree which we will now quote states the manner in which the stipulations were effected and what next occurred:

"* * * defendant's counsel stated to the Court that defendant would not seek a divorce himself pursuant to his cross-complaint and desired only to contest the issue of the custody of the two minor children of plaintiff and defendant and plaintiff's claim for a property settlement.

"It was further stipulated in open court by the parties and their counsel that upon the conclusion of plaintiff's testimony in support of her complaint for divorce, the Court would interview in his chambers the witnesses on behalf of plaintiff and defendant upon the issue of the custody of the minor children.

"Thereafter the Court heard the evidence adduced by the parties and did interview in chambers the witnesses offered by plaintiff and defendant on the question of custody and did consider the two reports of the Court's Family Consultant made and filed pursuant to written stipulation; and being fully advised in the premises find that the plain-

tiff is entitled to a divorce, but that she is not a fit and proper person to have the custody of the minor children of the parties, or either of them; that defendant is a fit and proper person to have their custody and has the facilities for providing adequately for them; * · * *"

The plaintiff claims that she did not know when she stipulated with the defendant upon the issue of custody that "this procedure would affect any of my rights of appeal and I did not understand that I was waiving my right to have witnesses against me subject to cross examination." The purported facts set forth in that statement constitute the "mistake, inadvertence, surprise or excusable neglect" upon which she moved the circuit court to vacate its decree of June 29, 1959.

In an affidavit which the plaintiff signed in support of her motion to vacate the decree she acknowledged that her counsel "advised me that it would be best to have this testimony heard in chambers for various reasons." Her affidavit added, "I finally agreed to this procedure." The plaintiff's affidavit also states:

"* * * my attorney asked me if I wanted to have a reporter and I told him that I did want a reporter because I wanted to be able to read the testimony. He advised me against having a reporter because it would take a considerable length of time to transcribe any testimony and if the testimony was not a matter of record it would not reflect on my children. Thereafter the Court examined various witnesses individually in chambers without my attorney or the attorney for the defendant being present."

We will now quote from a memorandum opinion of the trial judge in which he stated his reasons for

denying the plaintiff's motion to vacate the decree. The memorandum opinion recites:

"* * * The Court has carefully reviewed the record in this case, and has reconsidered its own memorandum opinion filed on June 25, 1959. Further, the Court has had its reporter review the stenographic notes of the trial, and the following is the statement of Court Reporter Gordon Rude addressed to the Court in this regard:"

At that point the memorandum opinion quoted from the court reporter's notes as follows:

" 'My record shows that counsel talked to the Court in chambers before any proceedings in open court, apparently from 9:30 or some time before that until 9:45, when you took the bench. You started by raising a question as to the state of the pleadings and specifically whether the custody of the younger child was at issue. After colloquy between yourself and Mr. Brown, you stated:

" ' "Well, then, let the record show that the Court will accept the supplemental complaint which has been filed, and that the issues drawn by the previous pleadings shall be issues under the supplemental complaint, and that a controversy actually exists over the custody of both of the children, and that the Court will consider the testimony as produced in all respects—will consider the report of investigation made by Mrs. O'Brien and the supplemental report to her investigation. Let the record further show that in conference with counsel, it was proposed by defendant's counsel that no counter-testimony would be offered to the plaintiff's suit for a divorce, but that it was proposed that the witnesses involved in the controversy over the custody of the children could be interviewed by the Court in chambers, and from the reports of investigation and from what it had received from the testimony of these witnesses whom the Court would interview in private, as well as the testimony

produced on the stand by the parties, the Court would consider the question of custody. With reference to the disposition of the property, it would go upon the testimony produced by the parties and the issues drawn in the pleadings on the property and of course would be probably determined in some respects by the disposition the Court makes of the custody question. Now is that a fair statement, counsel, of the stipulation?" '

" 'Mr. Brown replied, "It's our understanding, your Honor." Mr. Hawkins replied, "That's agreeable with us, you Honor." You then said, "All right. Produce your testimony." ' "

A preceding paragraph quotes ORS 18.160, upon which the plaintiff bases her motion. It will be noticed that the authority there given to relieve a party from an order, judgment or decree is a discretionary power. The words of the section referring to the court, are "in its discretion" and "upon such terms as may be just." *Wallace v. Portland Ry. L. P. Co.*, 88 Or 219, 159 P 974, 170 P 283, referring to the paragraph of our laws just mentioned, declared:

"* * * it is hornbook law that the discretion of the court in such cases will not be reviewed unless there is a plain abuse of it. * * *"

The entry of an order, judgment or decree is a solemn matter. No judge enters a decree or judgment until he has thoroughly analyzed the case and has become completely convinced that his contemplated decision is demanded by the law and the facts. The plaintiff's affidavit indicates that she realized the gravity of the occasion and that the stipulation into which she entered might be crucial. It also discloses that she knew, after she had entered into the stipulation, that the judge was interviewing in chambers,

outside of the presence of the parties, witnesses who were familiar with her fitness or lack of it to have the custody of the children. Hence, she knew that cross examination of the witnesses by her attorney was precluded. Yet she assigns as a principal ground for the allowance of her motion, that is under consideration, the fact that the witnesses had not been cross examined. Before the plaintiff entered into the stipulation which we have mentioned she secured the advice of her counsel. After the advice had been given she adopted it. Possibly when she accepted her attorney's advice she did not know the effect which the stipulated procedure would have upon a *de novo* trial in this court of the issue of child custody. She does not claim that she made any inquiry of her attorney upon that score, or that she knew that if she did not enter into the suggested stipulation the issue concerning child custody could be tried *de novo* on appeal.

The trial judge had taken pains to call to the attention of the attorneys, if not to the attention of the parties, *Rea v. Rea,* supra, and to warn them concerning the effect of the contemplated stipulation upon an appeal. If orders, decrees and judgments must be vacated whenever a party avows that he was ignorant of some controlling principle of law or of the possible outcome of some pending legal issue, many decisions of the courts will be endangered.

The brief which the plaintiff filed in this court states:

"No contention has been made by plaintiff that there was any mistake or excusable neglect on the part of her former attorney. She merely testified as to what he told her and her understanding. The mistake and excusable neglect is that of the plaintiff in failing to understand the nature, extent and

effect of privately interviewing witnesses in chambers."

ORS 9.330 says:

"An attorney has authority to bind his client in any of the proceedings in an action, suit or proceeding, by his agreement, filed with the clerk or entered upon the journal of the court * * *."

ORS 9.340 provides:

"If it is alleged by a party for whom an attorney appears that he does so without authority, and the allegation is verified by the affidavit of the party, the court may, if it finds the allegation true, at any stage of the proceedings relieve the party for whom the attorney has assumed to appear from the consequences of the attorney's acts."

■ It is apparent that the plaintiff does not seek to be relieved from anything that her counsel did. He made no mistake. We must "bind" her, according to ORS 9.330, by the action of her attorney.

It is apparent that the trial judge gave painstaking attention to the plaintiff's motion for the vacation of the decree. As we have seen, he took the unusual care to have the court reporter transcribe for him the colloquy that occurred between court and counsel when the latter proposed that the judge should hear in chambers the testimony of the witnesses who would speak concerning the plaintiff's fitness to have the custody of the children.

Without analyzing this situation further we express our belief that no abuse of discretion took place. We affirm the order that denied the plaintiff's motion.

■ The remaining question is, did the trial judge's interview of the witnesses in chambers, and outside

of the presence of the parties, who gave testimony upon the subject of child custody demand a reversal? That issue is settled adversely to the plaintiff-appellant by *Omlie v. Hunt,* 211 Or 472, 316 P2d 528; *Hartnell v. Hartnell,* 208 Or 429, 301 P2d 1040; and *Rea v. Rea,* 195 Or 252, 245 P2d 884.

We find no error. The challenged decree is affirmed. Costs and disbursements will not be allowed to either party.