Argued October 4, affirmed November 9, 1960

## SCHUYLER *v.* HAGGART
### 356 P. 2d 955

*Floyd D. Hamilton,* Portland, argued the cause for appellant. With him on the brief was Ray F. Merry, Portland.

*Clarence X. Bollenback,* Portland, argued the cause for respondent. With him on the brief was Ruth Rose Richardson, Portland.

Before McAllister, Chief Justice, Rossman, Sloan, Goodwin and King, Justices.

McALLISTER, C. J.

This is an appeal by plaintiff from an order which modified a decree of divorce by taking custody of the minor child of the parties from the plaintiff and giving it to the defendant, Earl William Haggart.

The plaintiff and defendant were married on November 22, 1948. One child, Kathleen Louise Haggart, now eleven years of age, was born of said marriage.

The parties were divorced in Multnomah county by a decree entered February 17, 1950, which gave plaintiff a divorce, custody of Kathleen and required defendant to pay $30 per month for the support of said child. Subsequent to that decree the plaintiff was remarried and is again divorced. The defendant was remarried, divorced and has again remarried.

Plaintiff's second marriage was to Raymond C. Schuyler. Two children were born of this marriage. In 1958 Schuyler filed a suit for divorce against plaintiff. On July 8, 1958, a decree was entered granting Mrs. Schuyler a divorce and custody of said children. The case was tried by the Honorable Virgil Langtry, cir-

cuit judge. During the trial of that case Mrs. Schuyler consented to an independent investigation by the court regarding the future care and custody of the two Schuyler children. The decree ordered that said investigation should be made. The report of the investigation evidently contained information reflecting adversely on Mrs. Schuyler's fitness to have custody of her children. The record does not disclose what disposition was eventually made of the Schuyler children.

The report of the investigation in the Schuyler case caused Judge Langtry to write a letter to the attorneys of record in the case at bar, suggesting that something should be done to remove Kathleen from the custody of plaintiff. In response to this suggestion, the defendant, on February 4, 1959, filed a motion for an order requiring plaintiff to appear and show cause why the decree of divorce should not be modified by awarding custody of Kathleen to the defendant.

The motion for change of custody came on for hearing before Judge Langtry on March 19, 1959. At the outset of the hearing, Judge Langtry advised the parties and their attorneys that he would consider the report of the investigation in the Schuyler case in determining the motion to change the custody of Kathleen Haggart to defendant. Counsel for plaintiff read the report, made no objection to its consideration and declared that he would produce evidence to contradict the information contained therein. The hearing was postponed until May 18, 1960, to permit plaintiff to offer evidence to contradict the information contained in said report. Although the report of the investigation and the letter written by Judge Langtry are mentioned in the transcript, neither is part of the record on appeal.

At the close of the hearing, the trial judge, with the consent of the parties, held a private interview with Kathleen Haggart out of the presence of the parties and their attorneys. The interview was not reported and is not a part of the record before us.

If objection had been made it would have been improper for the court to consider in this proceeding information which came to him in an entirely different case between different parties. *Ollschlager's Estate,* 50 Or 55, 59, 89 P 1049; *Oden v. Oden,* 157 Or 73, 76, 69 P2d 967; *Scott v. Platt,* 171 Or 379, 389, 135 P2d 769, 137 P2d 975; and 20 Am Jur 105, Judicial Notice, § 87. However, no objection was made and we are now confronted with a record containing only part of the evidence considered in the trial court. The record contains neither the report of the investigation made in the Schuyler case, nor a transcript of the interview by the court with Kathleen. Lack of either would prevent review of this case.

In *Rea v. Rea,* 195 Or 252, 279, 245 P2d 884, the applicable rule was stated as follows:

"If parties acquiesce in an independent investigation they do so charged with knowledge that upon appeal this court will not, because it cannot, try the issue of custody de novo, since the record here will be incomplete. Conscious of the fact that the trial judge, aided by his staff, is in a better position to determine custody than is this court, we see no objection to a procedure whereby parties, in effect, agree that the decision of the trial judge who has had the benefit of testimony in open court, plus independent investigation, shall be final. We hold that consent to such procedure or informed acquiescence therein by the parties, may properly be construed to constitute a waiver of objection to such independent investigation, and consequently, to be

a waiver of the right to trial de novo on the specific issue of custody."

For further applications of the foregoing rule, see *Hartnell v. Hartnell,* 208 Or 429, 301 P2d 1040; *Omlie et ux. v. Hunt,* 211 Or 472, 316 P2d 528; and *Jaeger v. Jaeger,* 224 Or 281, 356 P2d 93 (October 19, 1960).

Affirmed.

Neither party shall recover costs in this court.