Argued April 11, affirmed May 10, petition for rehearing denied,
opinion modified July 12, 1961

## BEELMAN v. BEELMAN

361 P. 2d 663
363 P. 2d 561

*Albert H. Ferris,* Eugene, argued the cause and filed a brief for appellant.

*LaVerne M. Johnson,* Corvallis, argued the cause for respondent. On the brief were Huston, Thomas & Johnson, Corvallis.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

PER CURIAM.

This is an appeal from an order which modified a divorce decree by transferring the custody of a four-year-old girl from the mother to the father.

Through no fault of the appellant mother's present counsel, the trial court record is incomplete. After two days of testimony, the case was continued for several days to afford the parties an opportunity to work out the problems of visitation which had brought them into court. We have a complete transcript of the proceedings to this point.

When the parties reappeared in the trial court, the court reporter was not present. The court apparently heard the parties and their then counsel. Present counsel do not now agree on all the details. We have no record of this hearing. There was, under the present state of the record, a private interview of one or more witnesses by the trial judge. *Schuyler v. Haggart,* 224 Or 530, 356 P2d 955.

There is no record of a stipulation to proceed without a reporter. There is likewise no record of an objection or an exception to the proceeding. There is no showing that the trial judge either possessed or considered knowledge learned outside the courtroom, a practice condemned in *Laurance v. Laurance,* 198 Or 630, 258 P2d 784. What the trial court learned inside the courtroom, we do not know.

■ Since there is no attempt to obtain reversal either because of the impossibility of producing a record, ORS 19.130(3), or because of any error in denying either party the right to preserve a record for ap-

peal, we must assume that the making of a record was waived. The only assignments of error challenge the decision of the trial court on the merits. Under ORS 17.440, the only way this court can try the case anew is upon the complete record of the proceedings in the trial below. In the absence of a record, we have no basis upon which to reverse the trial court.

■■ This court repeatedly has held that it can not try the question of child custody *de novo* upon a record which does not reveal what took place in the trial court. The waiver of the right to make a record below constitutes a waiver of the right to trial *de novo* in this court on the specific issue of custody. *Schuyler v. Haggart,* supra; *Jaeger v. Jaeger,* 224 Or 281, 356 P2d 93; *Hartnell v. Hartnell,* 208 Or 429, 301 P2d 1040; *Rea v. Rea,* 195 Or 252, 245 P2d 884, 35 ALR2d 612; cf. *Omlie et ux v. Hunt,* 211 Or 472, 316 P2d 528.

Affirmed. Neither party to recover costs.

**ON REHEARING**

On Appellant's Petition for Rehearing

E. B. Sahlstrom and Albert H. Ferris, Eugene, for the petition.

LaVerne M. Johnson, Corvallis, contra.

PER CURIAM.

The appellant seeks rehearing on the merits following the announcement of our decision affirming the trial court.

The transcript from the trial court reveals that an adjourned hearing was had. As we noted in the first opinion, this hearing was not reported. Counsel for the respondent represented to this court in oral argument that testimony was taken at the adjourned hearing. We presume this representation by counsel was not intended to mislead the court. It had that effect, however. The record does not reveal whether testimony was, or was not, taken at the subsequent hearing.

The dispute we noticed earlier had been continued by the parties since the decision was announced.

■ ORS 17.515 provides for the settling of a disputed record in the trial court. *State ex rel. v. Ekwall,* 135 Or 439, 443, 296 P 57. The statutory method of determining what was or was not said in the trial court remains unchanged by the 1959 appellate code now found in ORS ch 19. Such a dispute must be resolved in the trial court. The filing of affidavits and counter-affidavits in this court is an idle gesture. See *Fry v. Ashley,* decided this day.

■ The transcript before us is certified as required by ORS 19.078. We must presume that it is correct and complete. ORS 8.360. We conclude that we were not at liberty to rely upon counsel's statement that the trial court heard unreported testimony, even if the statement be true. Since proof of counsel's assertion does not appear in the transcript, the statutory presumption created by ORS 8.360 forbids our reliance upon the representations of either counsel in this court with reference to what was done below.

■ We have, accordingly, re-examined the transcript in order to resolve the issue presented by the briefs and arguments upon the merits. We have concluded that the trial court was in the best position to weigh the testimony of the parties and to decide whom to believe. The trial court found that the conduct of the mother in refusing to cooperate with the father in his visits with their child was not in the best interest of the child. The trial court believed that the mother's expressed opposition to visits by the father would tend to alienate the child from its father. The court then held that the mother's attitude, augmented by that of her present spouse, constituted a change in circum-

stances following the decree which justified the change in custody. *Levell v. Levell,* 183 Or 39, 52, 190 P2d 527.

We have found no basis in the transcript of testimony upon which to say the trial court was in error. The order modifying the decree is affirmed.

Petition denied. Former opinion modified. Costs to neither party.