Argued December 5, affirmed December 24, 1963

# BEELMAN v. BEELMAN

### 387 P. 2d 987

*Albert H. Ferris,* Eugene, argued the cause and filed a brief for appellant.

*LaVerne M. Johnson,* Corvallis, argued the cause for respondent. With him on the brief was John D. Thomas, Corvallis.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

DENECKE, J.

This is another proceeding in a long controversy between a divorced mother and father over the custody

of their now eight-year-old daughter. Both are legally fit parents, both have remarried and have fit homes, and both apparently have an animosity toward one another that has prevailed over their mutual affection for their daughter so as to cause her to become confused and disturbed in her loyalty and love.

In 1955 the parties were divorced and custody of the then two-month-old infant was awarded without contest to the plaintiff mother. In 1960 the custody was awarded to the defendant father. At that time the court found that the mother had violated the visitation provisions of the prior decrees, had "pursued a course of alienating the affection of the daughter * * * from the defendant, and that the atmosphere and conditions in and about the home are such that it is not for the best interest of the child to remain in said home [the mother's] * * *." This modification decree was affirmed in *Beelman v. Beelman,* 227 Or 556, 361 P2d 663, 363 P2d 561 (1961).

In March, 1963, the mother filed a motion praying that custody be reawarded to her because her daughter had become emotionally upset because she lived away from her mother. The trial court denied the motion. This is an appeal from that order.

The principal evidence relied upon by the mother is the testimony of a psychiatrist. This physician examined the child in 1960, about five months after the change of custody. He re-examined her in March, 1963. These examinations were made for the mother. In 1960 he found the child to be emotionally well, whereas in 1963, he testified, she was emotionally disturbed. He was of the "firm conclusion that Kathi [the child] is in need of a female identification which she apparently is unable to achieve with her stepmother and which, in my opinion, could be furnished

so adequately by her real mother * * *." He wrote in his report that he had a "very strong conviction that Kathi [the child] needs to be with her mother at least half of the time; i.e., during all of the summer months and possibly all vacations throughout the year."

This little girl also has been afflicted with petit mal epilepsy, probably caused by an injury occurring through no fault of either parent. This affliction and the effect of the medication taken to treat it makes a diagnosis of her emotional state and the causes of any existing emotional abnormality more difficult. The psychiatrist believed, however, that despite these difficulties he was able to determine the child's emotional state and the cause thereof.

The same trial judge has sat on all proceedings in this suit. The trial court's statements and questions at the close of the hearing and its letter opinion indicate a concern and conscientious study of the issue. In its opinion it found that the emotional changes that the psychiatrist found may or may not have been caused by the epilepsy; it further found that any changes which may have occurred did not result from the father's custody. The trial court's basic opinion was expressed as follows:

"It does seem to me that the parties, involved in this hostile attitude for each other, each having a sincere and devoted love and affection for this unfortunate child as shown by the evidence, could and should in good faith conduct themselves toward each other to the end that this child could have full opportunity to make the best of a broken home. It is my firm conviction until this is accomplished this child's life will become more and more confused. * * *"

██ As we have stated many times, the issue of custody, a problem impossible of completely satisfac-

tory solution, is best decided by the adjudicator seeing and listening to the witnesses. *Coleman v. Coleman,* 235 Or 73, 386 P2d 811 (1963). We find nothing in this record to cause us to believe that this suit is any exception to this principle. The presence of the epilepsy has clouded the causes of the child's emotional state. There is some question whether the psychiatrist had sufficient objective evidence upon which to base his opinion. The law has placed the responsibility for decisions of custody upon the courts. The courts, particularly in matters involving children, increasingly are seeking the aid of the sciences concerned with the mind. Nevertheless, the ultimate responsibility remains in the courts, and we would be loath to reverse a court's decision solely because it is not in accord with an expert's opinion.

Affirmed.