Argued December 20, 1977, affirmed as modified January 30, 1978

In the Matter of the Dissolution of the Marriage of
LEE, *Appellant,*
*and*
LEE, *Respondent.*
(No. CC76-549, CA 8654)

573 P2d 1274

Ira L. Gottlieb, Portland, argued the cause and filed the brief for appellant.

Nicholas D. Zafiratos, Astoria, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Roberts, Judges.

LEE, J.

**LEE, J.**

In this dissolution-of-marriage proceeding wife appeals from the property settlement and child support provisions of the trial court's decree.

Husband, aged 54, and wife, aged 40, were married 19 years. Five children, ranging in age from 11 to 17, were born to the marriage. The largest marital asset is a restaurant valued at $250,000 less a mortgage of $57,897. In addition, the parties own two parcels of real estate and have accumulated $64,000 in cash in addition to various items of personal property.

The trial court awarded the restaurant to husband subject to a $73,551 lien "to be paid within ten (10) years of the date of this Decree and to commence bearing interest at the rate of SIX PERCENT (6%) per annum from its due date, June 1, 1987." The court awarded each party one of the parcels of real property and divided the cash equally after placing $15,000 in a special fund for anticipated tax liability. The court ordered husband to pay wife $300 monthly in spousal support until wife died or remarried. The court awarded custody of the five children to wife and ordered husband to pay $90 per month per child in child support.

Wife concedes that the court's division of the property achieved an approximately equal division of the present cash value of all of the parties' assets. She contends, however, that the lien on the restaurant should bear interest from the date of decree rather than from the lien's maturation date of June 1, 1987. In *McCoy and McCoy,* 28 Or App 919, 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977), we noted:

> "* * * In making lump sum awards, courts should take into account the obligor's ability to make prompt payment, that the use of money has value and that an obligee is ordinarily entitled to interest. * * *" 28 Or App at 929-30.

Here, as in *McCoy and McCoy, supra* at 929, "[i]t can be anticipated that the husband will not make any

payment for the entire ten years and in the meantime can enjoy the use of the money." Thus, in order to achieve an equal division of the parties' assets including the value of husband's use of the money over the next ten years, the lien on the restaurant should bear six per cent interest, *see,* ORS 82.010, payable annually, from the date of the decree on any unpaid balance.[1] The balance of principal remaining on the lien will be due and payable on June 1, 1987.

Wife next contends that the trial court should have awarded $100 monthly per child in child support rather than the $90 per month per child awarded by the court. Wife introduced no evidence as to the needs of the children or as to husband's ability to provide for their support. Under these circumstances "we are not left with the conviction that a mistake was made by the lower court." *McCoy and McCoy, supra* at 928.

Affirmed as modified. No costs to either party.

---

[1] Husband contends that since the attorneys for wife and husband met with the trial judge in chambers to discuss the property settlement, wife is barred from appealing the property division aspects of the decree as no record was made of this discussion. In *Beelman v. Beelman,* 227 Or 556, 361 P2d 663, 363 P2d 561 (1961), the Supreme Court held that it could not try an issue de novo when evidence as to that issue was received by the trial court but not reported. Here husband does not contend, and we can find no indication in the record, that any *evidence* was received when the attorneys for wife and husband spoke with the trial court. Thus we are able to review all of the evidence received below de novo and the rule of *Beelman v. Beelman, supra,* is inapplicable.