Argued and submitted October 7, affirmed on appeal and cross-appeal January 13, appellant's petition for reconsideration filed January 20 allowed by opinion March 31, 1999
See 159 Or App 421 (1999)

In the Matter of the Marriage of

Sharon Sue VAN ETTEN,
*Respondent - Cross-Appellant,*
*and*

Kenneth Bailey VAN ETTEN,
*Appellant - Cross-Respondent.*

(96-0270-D-1; CA A98876)

972 P2d 1213

George W. Kelly argued the cause and filed the brief for appellant - cross-respondent.

Kimberly S. Tufts Bolen argued the cause and filed the brief for respondent - cross-appellant.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

## LINDER, J.

Husband appeals and wife cross-appeals from a dissolution of marriage judgment. On appeal, husband challenges the duration and amount of the trial court's award of spousal support and the amount of the child support award. On cross-appeal, wife also challenges the award of spousal support, arguing that its duration should be indefinite. We review *de novo*, ORS 107.405, ORS 19.415(3), and affirm the trial court's spousal support award without further discussion. We also conclude that, based on the limited appellate record before us, husband has failed to establish that the child support calculation is erroneous. Accordingly, we also affirm the child support award.

At the conclusion of the trial, the trial court awarded custody of the children to wife, subject to reasonable parenting time with husband. Before entry of the final judgment, the parties mediated a child parenting time agreement whereby the children would spend approximately 40 percent of their time with husband. The agreement was reduced to writing and entered as a court order. Wife then prepared a proposed judgment that included a child support amount. By letter to the trial court, husband objected to various aspects of the proposed judgment, including the calculation of child support on the basis of the regular custody formula in OAR 137-050-0330(1)(a) to (g), rather than the shared physical custody formula in OAR 137-050-0450. The record reflects that the court held hearings in response to the objections. Despite the objections, the trial court adhered to the regular custody formula and entered judgment accordingly. On appeal, husband assigns error to the child support award on the basis of the objection he raised below.

■ Husband is correct that, as a presumptive matter, the shared custody formula was applicable. To determine the amount of child support owed by a parent, a trial court must determine whether the children's physical custody is awarded to one parent or whether the parents "share" physical custody. OAR 137-050-0330(1)(h). Parents "share" physical custody when "by agreement of the parents in writing or by court order one parent has physical custody not more than

65 percent of the time and the other parent has physical custody not less than 35 percent of the time." OAR 137-050-0450. Here, by written mediation agreement later adopted by court order, husband is to have physical custody approximately 40 percent of the time. Presumptively, then, child support should have been calculated in accordance with the shared custody formula. OAR 137-050-0330(2)(a).

That, however, is not the end of the inquiry. The trial court was entitled to vary from the presumptive amount based on various considerations set forth in the child support guidelines. *See* OAR 137-050-0330(2)(a)(A) to (P). The trial court must then enter a "written finding or a specific finding on the record" that the amount determined by the shared custody formula is "unjust or inappropriate." OAR 137-050-0330(2)(b). The problem for us in this case is that the appellate record is inadequate to demonstrate whether the trial court failed to make the necessary finding. On appeal, husband's notice of appeal designated the "court file and record." Notably, he did not designate for our review the transcript of the hearings held on his objection to the court's failure to use the presumptive shared custody formula. The trial court was entitled to depart from the presumptive amount of child support upon a finding, either in writing *or on the record,* that the presumptive amount was unjust or inappropriate. Consequently, the record necessary to determine whether the trial court failed to make the finding is not before us on appeal. *See King City Realty v. Sunpace,* 291 Or 573, 582, 633 P2d 784 (1981) (party asserting a claim of error has affirmative obligation to provide the appellate court with a record adequate to demonstrate the error).

Affirmed on appeal and cross-appeal.