On appellant's petition for reconsideration filed January 20, respondent's motion for extension of time and relief from default granted; petition for reconsideration allowed; former opinion (158 Or App 122, 972 P2d 1213) modified; reversed and remanded for recalculation of child support March 31, petition for review denied July 27, 1999 (329 Or 287)

## In the Matter of the Marriage of

### Sharon Sue VAN ETTEN,
*Respondent - Cross-Appellant,*
*and*

### Kenneth Bailey VAN ETTEN,
*Appellant - Cross-Respondent.*

### (96-0270-D-1; CA A98876)

980 P2d 1131

George W. Kelly for petition.

Kimberly S. Tufts Bolen *contra*.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

**LINDER, J.**

Husband in this dissolution proceeding petitions for reconsideration of our decision in *Van Etten and Van Etten*, 158 Or App 122, 972 P2d 1213 (1999). We grant the petition, modify our former opinion, and reverse and remand for further proceedings.

On appeal, husband assigned error to the trial court's use of the regular custody formula for setting child support, rather than the shared formula. In our original decision, we observed that the trial court was entitled to use the regular custody formula for setting the child support amount if, pursuant to OAR 137-050-0330(2)(b), the court made findings on the record that the shared custody formula was "unjust or inappropriate." Husband, by letter to the trial court, had preserved his objection to the court's use of the regular custody formula. Husband pointed to the judgment, which calculated support based on the custody formula but without setting forth any findings for doing so, as the trial court's only response to his objection. After we took the case under advisement, we discovered that the trial court had in fact held a special hearing on the objections. If, at that hearing and on the record, the trial court made the necessary findings, then OAR 137-050-0330(2)(b) would be satisfied. We concluded that, because husband had not designated the transcript of the hearing held on his objections to the support amount, he had failed to establish that the child support was error. *Id.* at 125.

In his petition for reconsideration, husband advises us that no record was made of that hearing, although he offers no explanation of why it was not. Wife, in response to the petition, observes that the hearing "apparently was not recorded," but represents that she was unaware of that fact until husband's petition for reconsideration. Husband insists that because there is no record of the hearing, we must order the presumptive support amount, which would be based on the shared custody formula. Wife urges that the obligation is still husband's to provide the necessary record and that we should affirm. Alternatively, wife contends that the lack of a record warrants only a remand.

■■ Ordinarily, the fact that proceedings are held without a court reporter present, so that the appellate court cannot review what transpired, falls to the detriment of the party seeking to establish error and obtain a reversal on appeal. *See In re Dedman's Estate*, 170 Or 692, 705, 134 P2d 428 (1943) (as long as a court reporter is available, parties have an obligation to secure those services to preserve the record on appeal); *see generally York v. Bailey*, 159 Or App 341, 976 P2d 1181 (1999). Moreover, if the appellate court cannot determine why a record was not made, the court will presume that the parties waived it. *Beelman v. Beelman*, 227 Or 556, 558, 361 P2d 663, *modified on other grounds* 227 Or 556, 363 P2d 561 (1961). Here, however, as a condition for departing from the presumptive support amount, the rule requires the trial court to make written findings or findings on the record. That requirement imposes on the trial court a responsibility to make a record that does not exist in the ordinary case.

■ Under the circumstances, we agree that the appropriate course is to remand to the trial court to recalculate the child support amount pursuant to OAR 137-050-0330. That would be the appropriate relief even if husband could demonstrate affirmatively that the necessary findings were not made, which he has not done. *See Perlenfein and Perlenfein*, 316 Or 16, 25-26, 848 P2d 604 (1993) (trial court's failure to make findings to support departure from presumptive child support required remand to determine support obligation); *Wart and Wart*, 151 Or App 1, 5-6, 949 P2d 1233 (1997) (remedy for trial court's departure from presumptive support amount without making necessary findings was to remand for recalculation pursuant to the standards and the procedures governing child support awards). Certainly, husband should not obtain a more beneficial outcome where he has not shown error, but we also cannot determine the lack of error.

Respondent's motion for extension of time and relief from default allowed; petition for reconsideration allowed; former opinion modified; reversed and remanded for recalculation of child support under OAR 137-050-0330.