Argued February 8, reversed April 10, 1968

KIGHTLINGER, *Appellant, v.* KIGHTLINGER,
*Respondent.*

439 P. 2d 614

*Joseph D. St. Martin,* Portland, argued the cause and filed a brief for appellant.

*Leo Levenson,* Portland, argued the cause for respondent. With him on the brief was Ronald I. Gevurtz, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

GOODWIN, J.

This is an appeal from a decree of divorce awarding custody of two boys, six and seven years old, to their mother.

Under ORS 19.125(3), this court is required to consider suits *de novo* upon the record. ORS 107.100 (1) provides as follows:

"* * * In determining custody the court shall consider the best interests of the child and the past conduct and demonstrated moral standards of each of the parties. No preference in custody shall be given to the mother over the father for the sole reason that she is the mother."

Allowing for all the subtleties of testimony that slip away from a reviewing court, consistent threads of evidence establish these facts: (1) The mother, married at 16 after two years of high school, is now 22, and is devoted to the children and gives them good care. (2) The father, a career enlisted man in the Coast Guard, is 27; while he had temporary custody during preliminary proceedings he showed affection

for the boys and gave them good care. (3) The father presently makes his home with his parents. (4) The father can support his children in his parents' home but cannot support them in the mother's home; his income of $330 a month will not maintain a separate establishment for himself and one for his wife. (5) The mother's employment outlook is bleak. (6) Child care for part of each day will have to be provided by a nonparent no matter who has custody. If the mother finds work, she will employ someone of her choice; if the father has custody, his parents will help with child care.

The trial court disposed of the custody question on the apparent assumption that children of tender years are ordinarily better off with their mother than with their father. Prior to the amendment of ORS 107.100 in 1961 this assumption had support in many decisions of this court. See cases commented upon in Larson, *Trends in Oregon Family Law,* 43 Or L Rev 97, 113 (1964). In each case the decision had been rationalized as one that was best for the children. Frequently since 1961 decisions have favored the mothers. We have no follow-up procedure to indicate whether these decisions have accurately predicted the future. In each case the trial court has attempted to place custody where the least harm would befall the children. Juvenile-court cases and change-of-circumstance cases appealed to this court are not a sample from which trustworthy generalizations can be drawn. The trial courts are still confronted with a decisional problem that defies standardized solution. In most cases we affirm out of deference to the superior intuitive position of the judge who sees the witnesses.

We believe that in this case the trial court erred in taking two boys away from a father who was giv-

ing them good care and in placing them with the mother where, even with the maximum financial help to be expected of the father, the children are likely to become public wards. We do not mean to imply in this discussion that economic considerations are dispositive in custody cases, but, on the other hand, they are not to be ignored. ORS 107.430.

■ The point was made in argument that during the pendency of the appeal the children have been with their mother, and that to move them again will be an additional trauma in their already damaged lives. The point is valid, but to permit it to control the disposition of custody would effectively eliminate the right of appeal.

We have not dwelt at length upon the behavior that provided grounds for the divorce. The mother admitted indiscretions which afforded the father a legal basis for terminating the marriage. These indiscretions were not shown to have affected the children directly. On the other hand, the mother's past conduct, made relevant by ORS 107.100(1)(a), casts some doubt upon her effectiveness as a teacher of fundamental morality to her children. The bringing up of children is more than a mere matter of sanitation and alimentary supply; the home plays an important role in the transmittal of the values of a society from one generation to another.

The preponderance of the evidence relevant to the statutory considerations expressed in ORS 107.100(1)(a) and in 107.430 tended to favor the father's home as the one that would provide the more stable environment for the two boys in this case.

In our view of the record and the relevant statutes, the decree must be reversed.

■ Because the appeal also presented a question

concerning the proper use of departmental investigations under ORS 107.430, we believe it is appropriate to call attention to the statute. ORS 107.430 provides in part that the court may "cause an investigation to be made as to the character, family relations, past conduct, earning ability and financial worth of the parties to the action for the purposes of protecting the children's future interests." The reports are to be offered as evidence, and "subject to all rules of evidence."

Since a report under ORS 107.430 may be based in part upon evidence which may be objectionable under the hearsay and opinion rules, the statutory requirement that the report be subject to the rules of evidence tends to frustrate efforts to make meaningful use of the reports. Some trial courts have concluded that it is impossible to obtain reports that will be admissible in evidence, and therefore do not order them. Other trial courts order the investigations only when both parties to the litigation stipulate to waive their objections to the report insofar as the rules of evidence are concerned.

In the case at bar there was no consent to the investigation, nor stipulation on the admissibility of the investigator's report. The trial court read the report privately and thus was exposed to a communication which was ex parte in nature and which was based in part upon material that would have been inadmissible in evidence.

In announcing its decision, the trial court recognized a problem concerning the report, and stated for the record that the report had been disregarded and that the decision was grounded wholly upon the testimony received in open court.

The court's statement that the report was disre-

garded may have cured the error in receiving an ex parte communication. The fairness of a trial, however, is endangered by receiving ex parte communications. Unless both parties consent to its being read in their absence, a report made pursuant to ORS 107.430 may not be read by the judge unless the reading is done in open court, under circumstances in which either party has an opportunity to object and to exclude portions of the report which do not satisfy the rules of evidence.

Reversed with instructions to modify the decree to award custody to the father; no costs to either party.