457 P.2d 655 (1969)
Dianne D. GREEN, Formerly Dianne D. Haugen, Appellant,
v.
Donald E. HAUGEN, Respondent.
Court of Appeals of Oregon. In Banc.
Argued and Submitted July 7, 1969.
Decided August 22, 1969.
Gary R. Gregory, Portland, argued the cause and filed the brief for appellant.
Nicholas D. Zafiratos, Astoria, argued the cause and filed the brief for respondent.
Before SCHWAB, C.J., and LANGTRY, FOLEY, FORT, BRANCHFIELD, JJ.
FORT, Judge.
This case comes before us on an appeal from an order refusing to grant a motion seeking to modify the child custody provisions of an existing decree of divorce. The question presented is whether or not the trial court erred in refusing to change the custody of three girls, aged 8, 9 and 10, from the defendant father to the plaintiff mother.
The parties were divorced in Oregon on the 27th day of September, 1965. Custody of the children was given to the father, defendant herein. On September 21, 1966, *656 plaintiff filed a motion to modify the decree by transferring the custody of the children to her. Thereafter, following a hearing, the court, on November 22, 1966, entered its order denying plaintiff's motion. On May 18, 1967, plaintiff mother filed a second motion to modify the decree by awarding the custody of the children to her. Thereafter, following a hearing on February 26, 1968, the court entered its order denying plaintiff's second motion, thereby continuing the award of custody of the three minor girls to the defendant father. No appeal was taken either from the divorce decree or from the order entered November 22, 1966, denying plaintiff's first motion to modify the decree. Plaintiff appeals from the order of March 1, 1968, denying her second motion for change of custody.
We are required by ORS 19.125(3) to try this type of case de novo upon the record. Kightlinger v. Kightlinger, 86 Or. Adv.Sh. 589, 439 P.2d 614 (1968). The trial court file is by statute a part of the record. ORS 19.074(1). In addition, the record here consists of the items set forth in Appellant's Designation of Record as follows:
"(1) Transcript of all testimony, argument, instructions, findings of fact, conclusions of law, and pronouncements of the Court on hearing February 26, 1968, on motion of the plaintiff-appellant for modification of decree.
"(2) Transcript of all testimony, argument, instructions, findings of fact, conclusions of law, and pronouncements of the Court on hearing November 15, 1966, on motion of the plaintiff-appellant for modification of decree.
"(3) All exhibits offered at the hearing February 26, 1968, on motion of the plaintiff-appellant for modification of decree."
The transcript of the February 26, 1968, hearing contains a statement by the court that sometime after August 1, 1967, a "custody investigation was ordered." In his opening statement to the trial court, counsel for the plaintiff stated:
"I suppose that primarily we'll be working from the report made by the Family Consultants to the Court * * *.
"* * *
"Now, this report that the Court requested really has two major portions: The background of the people involved; the children, the parents and the step-children. The other half is a summary and recommendation. We submit that the really important thing, the most important part of this is the first half, the background. This information the consultant is better able to explore and present than can sometimes be brought out in a courtroom. The last half, the recommendation of the Family Consultants, is not supported by the first half."
Appellant's brief states as follows:
"* * * The court ordered a custody study be made by the Family Consultant and the parties stipulated that the resulting report be made part of the record in the proceedings * * *."
Respondent's brief, however, neither admits nor denies appellant's assertion. No waiver of any of the rights reserved to a party under ORS 107.430 appears either in the brief or in the record. At the conclusion of appellant's testimony, respondent moved that the motion to modify be dismissed. The court allowed this. Thus no evidence was offered by respondent.
At the start of the trial, counsel for the respondent stated only: "I have the report of the Family Consultant's Office." The record itself is devoid of any report of the family consultant. It was not marked or offered as an exhibit, nor was it filed in the case. The trial court in its opinion, however, stated:
"The consultant's report shows positive and negative sides of both parties * *."
Thus it is obvious that both counsel and the court personally received and considered the report.
*657 The use in child custody disputes of investigative reports made by professionally trained persons is a relatively recent development. A brief chronological history is helpful in determining the proper use of such reports.
The rules relating to this type of report are discussed in a number of comparatively recent cases. Prior to legislation authorizing their use the Supreme Court in Rea v. Rea, 195 Or. 252, at 279, 245 P.2d 884, 896, 35 A.L.R.2d 612 (1952), stated:
"If parties acquiesce in an independent investigation they do so charged with knowledge that upon appeal this court will not, because it cannot, try the issue of custody de novo, since the record here will be incomplete. Conscious of the fact that the trial judge, aided by his staff, is in a better position to determine custody than is this court, we see no objection to a procedure whereby parties, in effect, agree that the decision of the trial judge who has had the benefit of testimony in open court, plus independent investigation, shall be final. We hold that consent to such procedure or informed acquiescence therein by the parties, may properly be construed to constitute a waiver of objection to such independent investigation, and consequently, to be a waiver of the right to trial de novo on the specific issue of custody."
Following this case the legislature adopted Oregon Laws 1959, ch. 534, now ORS 107.430(1). A prophetic comment on this enactment is found in 39 Or.L.Rev. 113 (1960) at 134. The authors state:
"A new section, 107.180, [now ORS 107.430(1)] authorizes the court having jurisdiction in an action for divorce, annulment, or separation in which there are children involved to cause an investigation to be made into the character, earning ability, etc. of the parties. The motivation for this statute is obvious and laudable, but the machinery set up may have to have some bugs eliminated.
"Since the statute authorizes the employment by the court of professional personnel `to carry out the purposes of this act,' and provides that `such findings' (presumably those resulting from the authorized investigation into character, etc.) `shall be offered as and subject to all rules of evidence,' it appears that the investigations are to be conducted by social workers and the like, who will then be asked to testify to their findings as ordinary witnesses at the trial of the action. In other words, the investigations will not be conducted by the judge, or by a social worker acting as a master or referee, for, if they were, there would be no occasion for offering evidence of the findings; either the judge would make his own findings or he would act on a report of his master or referee.
"If this is a correct statement of the procedure contemplated by the statute, there is reason to doubt whether the investigator's findings will be admissible over a timely objection that they are hearsay. The statute scrupulously avoids a statement that the findings are admissible, providing merely that they `shall be offered * * * subject to all rules of evidence.' While section 43.370 provides that `entries in public or other official * * * records made by a * * * person in performance of duty specially enjoined by law * * * are primary evidence of the facts stated,' the court has consistently limited admissibility to official entries made on the first-hand knowledge of the entrant and has excluded `findings' made by an entrant other than those contained in judicial records."
In 1960, the Supreme Court considered a case, Schuyler v. Haggart, 224 Or. 530, 356 P.2d 955, which was tried before ORS 107.180 (now ORS 107.430) was adopted. In that case the parties had consented to "an independent investigation" during the trial. The trial court had considered the report but it was not made a part of the *658 record. In following the rule of Rea v. Rea, supra, the court stated 224 Or. at 533, 356 P.2d at 956:
"* * * However, no objection was made and we are now confronted with a record containing only part of the evidence considered in the trial court. The record contains neither the report of the investigation made in the Schuyler case, nor a transcript of the interview by the court with Kathleen. Lack of either would prevent review of this case."
In July 1961, the Supreme Court, in a child custody case where the record was incomplete, held in Beelman v. Beelman, 227 Or. 556, 361 P.2d 663, 664, 363 P.2d 561, at 558:
"* * * Under ORS 17.440, the only way this court can try the case anew is upon the complete record of the proceedings in the trial below * * *."
We hold the foregoing rule applies to reports made pursuant to ORS 107.430.
In 1963, the legislature amended ORS 107.180 by making it applicable not only to original proceedings but also
"* * * whenever a habeas corpus proceeding or motion to modify an existing decree is before the court." Oregon Laws 1963, ch. 223, § 1.
Finally, the Supreme Court in the recent case of Kightlinger v. Kightlinger, supra, decided after the trial court's order here, stated:
"Because the appeal also presented a question concerning the proper use of departmental investigations under ORS 107.430, we believe it is appropriate to call attention to the statute. ORS 107.430 provides in part that the court may `cause an investigation to be made as to the character, family relations, past conduct, earning ability and financial worth of the parties to the action for the purposes of protecting the children's future interests.' The reports are to be offered as evidence, and `subject to all rules of evidence.'
"Since a report under ORS 107.430 may be based in part upon evidence which may be objectionable under the hearsay and opinion rules, the statutory requirement that the report be subject to the rules of evidence tends to frustrate efforts to make meaningful use of the reports. Some trial courts have concluded that it is impossible to obtain reports that will be admissible in evidence, and therefore do not order them. Other trial courts order the investigations only when both parties to the litigation stipulate to waive their objections to the report insofar as the rules of evidence are concerned.
"In the case at bar there was no consent to the investigation, nor stipulation on the admissibility of the investigator's report. The trial court read the report privately and thus was exposed to a communication which was ex parte in nature and which was based in part upon material that would have been inadmissible in evidence.
"In announcing its decision, the trial court recognized a problem concerning the report, and stated for the record that the report had been disregarded and that the decision was grounded wholly upon the testimony received in open court.
"The court's statement that the report was disregarded may have cured the error in receiving an ex parte communication. The fairness of a trial, however, is endangered by receiving ex parte communications. Unless both parties consent to its being read in their absence, a report made pursuant to ORS 107.430 may not be read by the judge unless the reading is done in open court, under circumstances in which either party has an opportunity to object and to exclude portions of the report which do not satisfy the rules of evidence." 439 P.2d at 616.
*659 In the case at bar, unlike Kightlinger v. Kightlinger, supra, the trial court did consider the family consultant's report.
If the record here be construed to indicate that both parties consented to such report being read by the trial judge in their absence, then since the report is not in evidence, the record in this case is insufficient for us to review the matter. Beelman v. Beelman, supra; Rea v. Rea, supra.
If we conclude that the record is insufficient to support a conclusion that both parties consented to the report being read in their absence, then under the rule that
"* * * [A] report made pursuant to ORS 107.430 may not be read by the judge unless the reading is done in open court, under circumstances in which either party has an opportunity to object and to exclude portions of the report which do not satisfy the rules of evidence." Kightlinger v. Kightlinger, supra, 439 P.2d at 616.
it was error for the court to have considered the report. Since, however, neither party objected to such procedure or sought to have the report made a part of the record, thereby waiving any claim of error, we do not consider it. Beelman v. Beelman, supra; Rea v. Rea, supra.
In the absence of any stipulation authorizing both the preparation and the admission into evidence of such a report, one appropriate procedure to be followed in the utilization of reports ordered under ORS 107.430 is simply to call as a witness the person who has made the investigation and prepared the report, have the report marked as an exhibit and pursue the usual procedures involved in identifying and offering an exhibit, and, if received, examination of the witness concerning its content.
Since we cannot on this record try the case de novo, it follows that the decree of the trial court is affirmed.