Argued September 15, remanded with instructions October 17, 1969

## NORRIS, *Respondent, v.* NORRIS, *Appellant.*

459 P2d 890

*Merlin Estep, Jr.,* Salem, argued the cause for appellant. On the briefs were Estep & Daniels, Salem.

*J. Ray Rhoten,* Salem, argued the cause for respondent. On the brief were Rhoten, Rhoten & Speerstra, Salem.

James O. Garrett, Crawford, Garrett & Webb, Salem, filed a brief as attorney and guardian ad litem for Bess Anne Norris as amicus curiae.

Before SCHWAB, Chief Judge, and LANGTRY, FOLEY, FORT and BRANCHFIELD, Judges.

FORT, J.

The parties were divorced in November 1964. At that time the defendant mother was awarded custody of their minor daughter. In December 1966, plaintiff father filed a motion seeking change of custody of the girl. Following a total of six days of testimony during June and July, 1967, the court, after both sides rested, stated,

> "I think we are complete, except for the report of Mrs. Todd [the family consultant]."

On April 24, 1968, there was filed with the clerk of the court a sealed envelope entitled "MEMORANDA AND CONFIDENTIAL REPORT". The document within the envelope states, "Received August 11, 1967." The facing page states that the attorney for the defendant read the document on August 24, 1967. There is nothing in the record to show whether counsel for plaintiff read it. On December 14, 1967, the trial judge wrote a letter to all counsel in the nature of a memorandum opinion. The letter itself was never filed but a copy of it is attached to the court's order entered on December 22, 1967, in which it entered its final order determining the award of custody of the minor child. This order took the

custody of the teen-age girl from the mother and transferred it to a married brother of the child. The mother appeals from this order.

In the briefs, counsel refer to the letter of the court of December 14 as constituting its findings and conclusions. Since the parties have thereby elected to consider the letter as constituting the court's findings and conclusions, we will so treat it. In so doing, we express no opinion as to whether the procedure followed is in compliance with ORS 17.431.

The trial court's "findings and conclusions" states,

"I have carefully considered all the evidence, *including the report of the Family Consultant* and the memoranda submitted by counsel and have determined the issues    *    *    *." (Emphasis supplied.)

The record reveals that respondent filed a motion requesting the making of an investigation by the family consultant of the court on May 11, 1967, more than a month prior to the time of the trial. The court, at the beginning of the trial, inquired of appellant's counsel,

"*    *    *    [W]hat is your position with reference to investigation by Mrs. Todd?"

In response, counsel stated,

"*    *    *    [W]e don't believe it is at all appropriate under the circumstances of this case, Your Honor.    *    *    *    We don't think it would add anything and we are opposed to it."

The court then stated,

"I think I will order one. The matter of whether or not it will be used is a matter that can be settled later."

Other than the court's remark made at the conclusion of the trial, supra, counsel have not called our attention to anything in the record concerning the making of the investigation or relating to its consideration by the court.

ORS 107.430(1) authorizes the making of such an investigation. The statute, however, states with reference to such investigation,

"* * * Such findings shall be offered as and subject to all rules of evidence."

■ Recently, in *Green v. Haugen*, 1 Or App 1, 457 P2d 655 (1969), we held where a report prepared under ORS 107.430 is considered by the court in arriving at its decision but is not made a part of the record, this court cannot review the decision of the trial court since all of the evidence considered by the trial court would not be before it.

■ In this case, the confidential report is a part of the court file. We hold the report was improperly considered by the trial court in reaching its decision here since it was not "offered as and subject to all rules of evidence" as required by the statute. *Green v. Haugen,* supra; *Kightlinger v. Kightlinger,* 249 Or 521, 439 P2d 614 (1968). This was properly called to the attention of the court and properly objected to. There was no waiver of the statutory mandate.

On the state of this record we cannot, however, speculate as to whether or not the report of the family consultant, had it been marked and offered as evidence in accordance with the statute, would have been received in whole or in part. We therefore remand this matter to the trial court with instructions to reopen the case to determine, as required by statute,

whether or not the report or any portion of it will be received into evidence, and to consider such further evidence, including change of circumstances, if any, since the date of the order appealed from as may be appropriate, to enter additional findings, and, based thereon, such amended order, if any, as may be proper.

Remanded with instructions. Costs to neither party.