460 P.2d 371 (1969)
Linda MACKEY, Appellant,
v.
John C. MACKEY, Respondent.
Court of Appeals of Oregon, In Banc.
Argued and Submitted September 15, 1969.
Decided November 7, 1969.
*372 John F. Steelhammer, Salem, argued the cause and filed the briefs for appellant.
Lawrence N. Brown, Salem, argued the cause for respondent. On the brief were Brown & Burt, Salem.
BRANCHFIELD, Judge.
This is an appeal by the plaintiff, Linda L. Mackey, from an order which modified a divorce decree by changing custody of her two minor children to the defendant, John C. Mackey, their father.
By a default divorce decree, entered on December 14, 1966, custody of the two children, Kimberly Dawn Mackey, now eight years old, and Lori Lynn Mackey, now four years old, was awarded to the plaintiff. The defendant was ordered to pay for their support and maintenance, and their education. Thereafter, on May 22, 1967, the defendant filed a motion for an order to modify the divorce decree, alleging a change of condition since the entry of the decree and asking that the custody of their daughters be awarded to him. The motion was granted by the trial court.
From the order modifying the decree the current appeal was taken by the plaintiff, who contends that there has been no change of circumstances sufficient to justify a modification of the custody provisions of the decree, and that, therefore, the decree should stand. It is further contended that the trial court committed prejudicial error when it received a portion of the transcribed trial testimony from defendant's attorney with neither notice to nor service upon plaintiff's counsel.
At the hearing on the motion, both parties and their witnesses testified at length. It would serve no useful purpose here to review the great amount of testimony presented for the consideration of the trial judge, but suffice it to say that the record amply demonstrates that the plaintiff utterly failed in the responsibility of properly raising her two children. After the divorce, she chose to pursue a course of conduct wholly incompatible with her parental responsibilities. The conclusion of the trial judge is accurately summarized in the following paragraph of his opinion:
"It is my opinion that the conduct of Plaintiff with her present husband [before her marriage to him] and other men in the presence of the children as established by the evidence has rendered Plaintiff unfit to continue as the custodian of the children. I am of the further opinion that Defendant can better meet the needs of the children and that their welfare and future interests will best be served by awarding their custody to him."
In custody proceedings the findings of the trial court are to be afforded great weight, Ballard v. Ballard, 233 Or. 74, 377 P.2d 24 (1962); Gonyea v. Gonyea, 232 Or. 367, 375 P.2d 808 (1962); Shrout v. Shrout, 224 Or. 521, 356 P.2d 935 (1960); Schiermeister v. Schiermeister, 199 Or. 391, 261 P.2d 677 (1953); and when the case is purely one of fact and the evidence is sufficient to warrant the conclusion reached by the trial court, an appellate court will not disturb that conclusion. Henry v. Henry, 156 Or. 679, 69 P.2d 280 (1937); Gonyea v. Gonyea, supra.
The reasons behind the foregoing rules have been set out with great clarity in Bennehoff v. Bennehoff, 209 Or. 244, 225, 304 P.2d 1079 (1956):
"* * * In the difficult and delicate task of attempting to determine where the welfare of children lies as between *373 conflicting claims of warring parents, the judge who sees the parties and their witnesses and listens to their testimony has a position of advantage over the justices of this court. This axiom of appellate court review, so often referred to in equity suits, is of prime importance in its application to a child custody case which involves, as does this one, an appraisal of the character, temperament, and disposition of the contending parents, some of the determining marks of which may reveal themselves to one who sees and observes the persons concerned but are not to be found in the typewritten pages of a cold record. The decision of the trial judge in such a case is, therefore, not to be lightly set aside."
We have carefully studied the entire record in this case and find ample evidence to justify the conclusion reached by the trial court. Appellant's first assignment of error is, therefore, without merit.
Plaintiff's second proposition is that prejudicial error was committed when the trial court received a fragmentary portion of the trial testimony from defendant's attorney without notice to or service upon plaintiff's counsel. It is claimed that this crucially endangered the fairness of the trial. We do not share plaintiff's belief. In support of her argument, plaintiff cites Kightlinger v. Kightlinger, 249 Or. 521, 439 P.2d 614 (1968).
The Kightlinger case prohibits only the submission of truly ex parte communications, where part of the material might be inadmissible and where neither party is afforded the opportunity to exclude improper matters. That case is easily distinguishable from the one presently at bar. Here we are not dealing with an ex parte communication or with any matters that were obtained outside of the record. Rather, it was a transcript of part of the testimony in which both parties and their attorneys fully participated. The trial judge, on his own motion, could have ordered a transcript of any part of the testimony about which he wished to refresh his memory.
We have carefully considered this entire matter and are satisfied that no error was committed by the court below. We are convinced, as was the trial judge, that the welfare of the children will best be served by awarding custody to their father. The judgment of the lower court is, accordingly, affirmed, with costs to neither party.