Argued July 23, affirmed August 26, 1971

LAMBORN, *Appellant, v.* LAMBORN, *Respondent.*

487 P2d 1395

*William D. Peek,* Portland, argued the cause for appellant. With him on the brief was Walter H. Evans, Jr., Portland.

*Carol A. Hewitt,* Portland, argued the cause for respondent. With her on the brief was Robert B. Duncan, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

This divorce suit presents but one substantial question—the custody of Karen K. Lamborn, born September 21, 1962. The court awarded her custody,

together with the divorce, to the defendant father. The mother appeals.

The divorce suit was filed August 7, 1969. The parties separated in September 1969. The wife returned to California, where the parties had lived during the earlier years of their marriage, and took up residence with her mother. At the time she left she was apprehensive of a recurrence of a prior malignancy, which had been successfully treated while they were living in California. She had, however, no intention of reconciling with the defendant. She agreed at the time to leave the daughter with her husband for the school year. The child visited her in California during the holidays. She contends that at the time she left to live in California she and the father agreed that Karen would come to live with her in California after the school year ended and would thereafter spend the summers with her father. In November 1969 the father filed his answer and cross-complaint asking for the custody of Karen. The case was not tried until September 1970, more than a year after it was filed.

In June 1970 a custody study prepared by Elizabeth Bergman, a marriage and family counselor employed by the county, was filed in the case. It was made pursuant to ORS 107.430,[1] which provides:

> "* * * [T]he court having jurisdiction may, in cases in which there are children involved, cause an investigation to be made as to the character, family relations, past conduct, earning ability and financial worth of the parties to the action for the purpose of protecting the children's future interests. * * *"

At the trial Mrs. Bergman testified:

> "Q. Mrs. Bergman, this investigation that you

---

[1] For a discussion of that statute and procedures under it, see Green v. Haugen, 1 Or App 1, 457 P2d 655 (1969).

conducted, how long a period of time did you spend, say, with Mr. Lamborn?

"A. We don't investigate. We conduct a diagnotic [sic] interview; we generally allow an hour and a half with each parent.

"Q. And this is what happened in this instance?

"A. That is right.

"*    *    *    *    *

"Q. And you spent an hour and a half, say, with these two people, strangers to you, and made a recommendation to the Court?

"A. That's right; that's my job.

"*    *    *    *    *"

The report over objection of the defendant was received in evidence. Since there is no cross-appeal, however, we do not consider whether the ruling was correct. Nor do we consider whether a "diagnostic interview" constitutes the investigation authorized by the statute.

The report concluded that either parent "could make an adequate home for the child and is sincerely interested in her." It recommended that Karen live with the mother during the school year and spend the summers and a part of her Christmas vacation with her father.

The court concluded, however, to award Karen's custody to her father subject to carefully described visitation rights, including one month each summer granted to the mother.

In *Goode v. Goode,* 4 Or App 34, 476 P2d 805 (1970), we said:

"No useful purpose will be served by a detailed recitation of the life styles of the parties. The issue of ultimate fact—the best interests of the

child—here turns in large measure on witness credibility, particularly concerning the effect upon the child of past and probable future parental relations. We are required to and do give weight to the findings of the trial judge on such an issue. [Citing cases.] * * *" 4 Or App at 39.

In *Cooley v. Cooley*, 1 Or App 223, 461 P2d 65 (1969), we said:

"This court is reluctant to disturb the decree of the trial court as to the custody of children where the case is purely one of fact, and the evidence is sufficient to warrant the conclusion reached by the trial court. [Citing cases.]" 1 Or App at 227.

Here the evidence was sufficient to warrant the court's conclusion. We cannot say that it was erroneous.

The decree is affirmed.