Argued September 21, affirmed October 19, 1971

## AMUNDSON, *Appellant, v.* AMUNDSON, *Respondent.*

489 P2d 983

*O. W. Goakey,* Klamath Falls, argued the cause and filed the brief for appellant.

*Richard J. Smith,* Klamath Falls, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

This appeal concerns the custody of two minor children. Plaintiff wife was granted a divorce on the grounds of cruel and inhuman treatment. Each party sought a divorce and custody of both children. The children both expressed preference to live with the father. The trial judge awarded plaintiff custody of the daughter, aged 11, but awarded defendant custody of the son, aged 8.

Plaintiff appeals from that portion of the divorce decree separating the two minor children of the parties, contending that "splitting the children up from each other and depriving them of the experience of growing up together is contrary to their best interest and welfare."

The parties were married in January 1955. The children were both adopted, the girl at the age of three months, the boy at the age of three weeks. Plaintiff is a school teacher. Defendant is retired from the military service and is a self-employed gunsmith. The parties are presently residing in Klamath Falls, having moved there about 11 years prior to the filing of the complaint in this suit. There has been increasing discord in the marital relationship in recent years, particularly as to the upbringing of the children.

In *Henry v. Henry,* 156 Or 679, 69 P2d 280 (1937), our Supreme Court considered the validity of a provision in a divorce decree which separated the

two children of the parties in similar fashion. In affirming that decree the court held that under Oregon law a court which is charged with the duty of awarding the custody of minor children has the power to divide the custody by giving one child to the mother and another child to the father, where both are fit and proper persons to have custody. Some courts have for good reasons taken the opposite view.[1]

At the time *Henry* was decided the Oregon divorce statute provided for a custody preference in favor of "the party not in fault." Since then this provision has been amended to read:

"(1) Whenever a marriage is declared void or dissolved, the court has power further to decree as follows:

"(a) For the future care and custody of the minor children of the marriage as it may deem just and proper. In determining custody the court shall consider the best interests of the child and the past conduct and demonstrated moral standards of each of the parties. No preference in custody shall be given to the mother over the father for the sole reason that she is the mother.

"* * * * *." ORS 107.100.

Notwithstanding the existence of legal authority in this state which authorizes a court to separate children of divorcing parents from each other, we disapprove of such action except in rare cases where there are compelling reasons for doing so. The controlling and paramount question in such cases is the welfare of the minor children. ORS 107.100 (1)(a); *Henry v. Henry,* supra.

Although we review *de novo,* the findings of

---

[1] See Annotation, Propriety of separating children by awarding custody to different parents, 98 ALR2d 926 (1964).

the trial court in custody proceedings are entitled to great weight. *Mackey v. Mackey,* 1 Or App 177, 460 P2d 371 (1969). This court is reluctant to disturb a decree as to the custody of children when the issue is purely one of fact and the evidence is sufficient to warrant the conclusion reached by the trial court. *Stonebrink v. Stonebrink,* 2 Or App 328, 468 P2d 546 (1970); *Cooley v. Cooley,* 1 Or App 223, 461 P2d 65 (1969).

■ After examining the entire record and weighing all the evidence, we conclude that the record amply supports the action of the trial judge in awarding the custody of the boy to his father in this case.

The decree below is therefore affirmed.