Argued March 30, reversed and remanded April 21, 1972

MACKEY, *Respondent, v.* MACKEY, *Appellant.*

496 P2d 21

*Robert G. Ringo,* Corvallis, argued the cause for appellant. On the briefs were Ringo, Walton, McClain & Eves, Corvallis.

*Dale W. Pierson*, Salem, argued the cause for respondent. With him on the brief were Goodenough, Evans & Pierson, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C.J.

This appeal is from an order changing the custody of two children from their father to their mother. Plaintiff-mother was originally granted custody of the two children through a default decree of divorce on December 14, 1966. Subsequently, defendant-father filed a motion for change of custody to him. An order allowing this motion was granted on May 7, 1968, and affirmed on appeal by us. *Mackey v. Mackey*, 1 Or App 177, 460 P2d 371 (1969).

During the next three years the mother exercised her right of visitation whenever possible. On July 1, 1971, the children were taken by their mother for what was intended to be a visitation of a period not to exceed four weeks. While the children were on this visitation, their mother sought to regain custody by filing a motion for modification of the May 7, 1968, order, and a request for extension of her visitation privileges. The visitation was extended pending a hearing on her motion for modification which was then held on August 30, 1971. Following extensive testimony, the trial judge returned custody of the two children to their mother, stating:

> "* * * I think the defendant has provided a good home—an excellent home. But, it's my preference, generally, that the mother have the children * * *"

The trial judge's preference contradicted the guidelines of ORS 107.100(1)(a) which stated in part:

"(1) * * *

"(a) * * * In determining custody the court shall consider the best interests of the child and the past conduct and demonstrated moral standards of each of the parties. No preference in custody shall be given to the mother over the father for the sole reason that she is the mother."[①]

Custody of the children, once determined, should not be changed in the absence of a justified substantial change of circumstances. *Bogh v. Lumbattis,* 203 Or 298, 280 P2d 398 (1955). Our review of the record convinces us that the trial judge was correct in concluding that the father had provided "an excellent home." It also convinces us that the plaintiff did not establish a substantial change of circumstances. As we said in *McCutchan v. McCutchan,* 5 Or App 96, 98, 483 P2d 93 (1971):

"However it is defined, the change of circumstances which will justify a change in custody must be quite real if the benefits from a change are to overcome the damage done to a child who is exposed to shifting parental figures. * * *"

Reversed and remanded.

---

[①] ORS 107.100 was repealed, Oregon Laws 1971, ch 280, § 28, p 396, and replaced by ORS 107.105.