Argued December 17, 1974, affirmed January 14, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
GRIFFIN (No. 83390), *Respondent, and*
GRIFFIN, *Appellant.*
530 P2d 534

*Charles D. Burt,* Salem, argued the cause for appellant. With him on the brief were Brown, Burt & Swanson, Salem.

*Bruce W. Williams,* Salem, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

PER CURIAM.

Respondent wife, 43, sought dissolution of her 25-year marriage to appellant husband, 45. From the decree, he appeals. Their three children were all emancipated at the time of trial.

The husband's principal contention relates to the division of property. Secondarily, he objects to the 24-month support award. Much of the controversy centers around the claimed physical and emotional disabilities of the parties and the limitations of each resulting therefrom. The parties hereto were the sole witnesses at the trial. The remaining evidence consisted chiefly of numerous medical reports.

We are not disposed in such situations to substitute our judgment for the evaluation of the trial judge who saw and heard the witnesses. *Omlie v. Hunt*, 211 Or 472, 316 P2d 528 (1957); *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971). From our examination of the transcript and the exhibits here offered, we see no reason to depart from that rule.

This is not a case where a recitation of the evidence or the details of the property division, two-year support, or attorney fee award would be of value to the public or the bar. No new or challenged rule of law is here involved.

We conclude that the decree of the trial court should be affirmed. It is so ordered.

Affirmed.