Argued May 20, affirmed June 16, 1975

IN THE MATTER OF THE MARRIAGE OF
LILLY, *Appellant, and* LILLY (No. 84041),
*Respondent.*

536 P2d 454

*Don S. Dana,* Salem, argued the cause for appellant. With him on the brief were Billman & Coleman, Salem.

*D. Keith Swanson,* Salem, argued the cause for respondent. With him on the brief were Brown, Burt & Swanson, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

Appellant-husband, petitioner below, appeals from that portion of the court's decree which awarded the custody of the now three and one-half year old minor son of the parties to the respondent-wife.

There is no issue concerning property nor the $100 per month child support award granted to the wife. Nor, in contrast to the great majority of cases such as this, are there any allegations that either of the parties is other than a devoted, concerned and competent parent.

It is worth noting that the principal difficulty between the parties is their approach to their respective religions. The father, a Conscientious Objector who served two years in approved service in lieu of military service, is deeply involved with and firmly committed to the Youth for Christ program. The mother is a Catholic, although apparently not a particularly strong adherent of that faith. During the period of adjustment following the separation of the parties, the mother first had custody of the little boy, but when she first obtained employment as a dental assistant on a full-time basis she placed the child with her husband. He was also employed full time in a responsible position with the State Parks Department. Even during this period the parties sought to work out an amicable and effective manner of looking after the child.

When the wife was able to establish a reasonably sound economic foundation and living arangement, she sought to retake the custody of the boy from her husband. He responded by filing this petition for dissolution of marriage and obtaining temporary custody of the child. Problems primarily having their root in the religious convictions of the father, and the mother's emotional reaction thereto, resulted in

a less-than-happy exercise of visitation rights during this period.

■ ■ At the conclusion of the trial the court ordered a social investigation to be made. This was consented to by both parties and, by agreement, received into evidence after examination by both parties.[1] The recommendation was that custody be given to the mother, although recognition was given to the genuine strengths of the father as well.

Based upon his observation of the parties and other witnesses at the time of trial and his consideration of the social investigation, the trial judge concluded that the best interests of this little boy lay in placing him with the mother. ORS 107.105(1)(a); *Ellenwood and Ellenwood,* 20 Or App 486, 532 P2d 259 (1975). The opportunity of the trial court to observe the parties and the witnesses and to evaluate their sincerity and credibility, as this court and the Supreme Court have often said, is something which we take into consideration in our evaluation of the record concerning the award of custody. *Ruch v. Ruch,* 183 Or 240, 244, 192 P2d 272 (1948); *Gonyea v. Gonyea,* 232 Or 367, 375 P2d 808 (1962); *Griffin and Griffin,* 20 Or App 41, 530 P2d 534 (1975); *McCutchan v. McCutchan,* 5 Or App 96, 483 P2d 93 (1971).

From our examination of the record we see no reason to disturb the award to the mother of the boy's custody.

Affirmed.

---

[1] Green v. Haugen, 1 Or App 1, 457 P2d 655 (1969).