Argued February 28, affirmed, no costs to either party April 4, 1977

In the Matter of the Dissolution of the Marriage of
HUNKE, *Respondent,*
*and*
HUNKE, *Appellant.*
(No. 94489, CA 7106)
562 P2d 216

Lee, J., filed a dissenting opinion.

J. Michael Alexander, Salem, argued the cause for appellant. With him on the brief were Brown, Burt & Swanson, P.C., Salem.

Robert B. McConville, Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

SCHWAB, C. J.

Lee, J., dissenting opinion.

## SCHWAB, C. J.

In this dissolution-of-marriage proceeding, wife appeals from the failure of the court's decree to award her spousal support.

Husband, aged 49, and wife, aged 47, were married in 1958. Wife worked in various secretarial jobs for most of the early years of the marriage, with her greatest earnings being $5,800 in 1969. Wife quit her job in 1969 and was unemployed until six weeks prior to the hearing below when she obtained employment as a counselor with an employment agency at a gross salary of approximately $400 per month plus commissions. Husband was employed by the State of Washington from 1963 to 1969 when he started an insurance agency. The agency incurred debts of $62,000, and in 1971 husband abandoned the business. Husband then obtained employment as a deputy insurance commissioner for the State of Oregon and now earns a gross salary of $1,376 per month. Husband also receives $65 a month in Army disability payments. Over the past four years husband has discharged, mostly by compromise, all but approximately $5,800 of the indebtedness incurred by the insurance agency and now makes payments of $310 a month on the remaining balance. The parties have no assets except household furnishings and personal property.

Husband testified that between 1971 and 1976 wife has spent only 11 months living in the family home. Wife testified that her absences were less prolonged and were necessary because of several illnesses suffered by her mother and aunt. During the periods wife did not reside with husband, he paid her $50 a month as well as paying occasional bills incurred by her.

Husband's health is good, but wife testified that she is suffering or has recently suffered from a stroke, high blood pressure, deafness, a loss of her sense of taste and smell, a loss of memory, headaches, spells where she blacks out, loss of balance, insomnia, a nervous breakdown, swine flu, blood clots, a loss of

[ 7 ]

mental acuity, and emphysema. Wife contends that an award of spousal support is proper in light of the duration of the marriage, the difference between her income and that of husband's, and her ill health. The trial judge's order was proper under the circumstances.

Neither party has maintained a high standard of living since husband's business became insolvent in 1971, and it is only recently that the parties have not been in financially disastrous straits. Their house was foreclosed upon, and much of husband's income in the near future will be devoted to the retirement of their indebtedness. In addition, wife is now employed at a job where her earnings enable her to support herself at a standard of living at least equivalent to that she enjoyed during the marriage and where she potentially may earn a greater income through commissions.

Finally, though it is true that wife stated she was ill, the trial judge noted, "[Wife] claims many physical ailments but these are not readily observable in court." As wife presented no evidence other than her testimony that she was ill, we defer to the judgment of the trial judge who had the opportunity to evaluate her credibility.[1] *Griffin and Griffin,* 20 Or App 41, 530 P2d 534 (1975).

Affirmed. No costs to either party.

**LEE, J.,** dissenting.

Based upon the facts and figures in the majority opinion and particularly the disparity of approximately $1,000 per month between the respective incomes of the parties, I would award some spousal support to the wife. Accordingly, I respectfully dissent.

---

[1] Wife testified that, because of her ill health, she refused to complete the tests necessary to obtain a job at a higher rate of pay.