Argued April 28, affirmed May 23, 1977

In the Matter of the Marriage of
SAWYER, *Appellant,*
*and*
SAWYER, *Respondent.*
(No. 14207, CA 7258)
564 P2d 739

James M. Habberstad, The Dalles, argued the cause for appellant. With him on the brief was Dick & Dick, The Dalles.

Donald N. McGiffin, Aloha, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

JOHNSON, J.

[ 553 ]

**JOHNSON, J.**

The wife appeals that portion of the dissolution of marriage decree awarding custody of the son, age 11, to the father. The wife was awarded custody of the daughter, age 8. The thrust of the wife's argument is that separate custody of siblings should occur only under very exceptional circumstances citing *Allen v. Allen,* 200 Or 678, 268 P2d 358 (1954). *Allen* has no application to this case as it pertained to divided custody where custody of the children was awarded part-time to the mother and part-time to the father.

In *Amundson v. Amundson,* 7 Or App 33, 489 P2d 983 (1971), we affirmed a lower court decree awarding custody of a daughter, age 11, to the mother and a son, age 8, to the father. We stated as dictum:

"Notwithstanding the existence of legal authority in this state which authorizes a court to separate children of divorcing parents from each other, we disapprove of such action except in rare cases where there are compelling reasons for doing so. The controlling and paramount question in such cases is the welfare of the minor children. ORS 107.100(1)(a); *Henry v. Henry, supra* [156 Or 679, 69 P2d 280 (1937)]." 7 Or App at 35.

■■ That dictum must be examined in light of Oregon Laws 1975, ch 722, enacting ORS 107.137 which provides:

"(1) In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall give primary consideration to the best interests and welfare of the child. In determining the best interests and welfare of the child, the court may consider the following relevant factors:

"(a) The emotional ties between the child and other family members;

"(b) The interest of the parties in and attitude toward the child; and

"(c) The desirability of continuing an existing relationship.

"(2) The best interests and welfare of the child in a custody matter shall not be determined by isolating any

one of the relevant factors referred to in subsection (1) of this section, or any other relevant factor, and relying on it to the exclusion of other factors.

"(3) No preference in custody shall be given to the mother over the father for the sole reason that she is the mother.

"(4) In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall consider the conduct, marital status, income, social environment or life style of either party only if it is shown that any of these factors are causing or may cause emotional or physical damage to the child."

Under subsection (1)(a) above the court may consider the emotional ties between the children of the family and likewise the ties of each child toward each parent. However, under subsection (2) it is clear that neither factor is to be considered at the exclusion of other factors. The ultimate consideration remains the best interest and welfare of the children. It is apparent from the trial court's remarks at the conclusion of the trial that it considered not only the daughter-son relationship, but also the children's individual preferences and several other factors.

The only other issues in this are factual which turn on the resolution of credibility and character of witnesses. We agree with the trial court for the reasons stated in *Starin and Starin,* 29 Or App 557, 564 P2d 748, *rev den* (1977).

Affirmed.