In the Matter of the Marriage of
UNDERWOOD, *Appellant—Cross-Respondent,*
*and*
UNDERWOOD, *Respondent—Cross-Appellant.*
(No. 50431, CA 11499)

589 P2d 1172

Laurie K. Smith, Eugene, argued the cause for appellant—cross-respondent. With her on the briefs was Frye, Speer & Smith, P.C., Eugene.

Edward L. Daniels, Albany, argued the cause and filed the briefs for respondent—cross-appellant.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Wife appeals, and husband cross appeals, from a dissolution decree, each contending that the trial court erred in dividing custody of the children of the marriage. In addition, wife assigns error to the trial court's award of child and spousal support and property division; husband assigns error to the award of attorney's fees to wife. We affirm all support provisions and the division of property, without discussion. The remaining two issues will be discussed briefly.

The parties had been married for 17 months, although they had lived together for more than two years prior to their marriage, and were the parents of two children, Violet Marie, born March 21, 1976, and Jennifer Ann, born January 24, 1978. Husband was 39 and wife 35 at the time of the decree. Wife has four children from a previous marriage, aged 16, 14, 12, and 10, custody of all of whom was awarded to her former husband, although the two oldest children live with wife with the consent of her former husband. The trial judge awarded wife custody of Jennifer Ann, but awarded husband custody of Violet Marie. Both parties seek custody of both children.

■ In determining who shall have custody of minor children, the court must take all circumstances into consideration, but the primary and controlling consideration is the welfare and best interests of the children.[1] In *Amundson v. Amundson,* 7 Or App 33, 35, 489 P2d 983 (1971), we said:

---

[1] ORS 107.137 provides:

"(1) In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall give primary consideration to the best interests and welfare of the child. In determining the best interests and welfare of the child, the court may consider the following relevant factors:

"(a) The emotional ties between the child and other family members;

"(b) The interest of the parties in and attitude toward the child; and

"Notwithstanding the existence of legal authority in this state which authorizes a court to separate children of divorcing parents from each other, we disapprove of such action except in rare cases where there are compelling reasons for doing so. The controlling and paramount question in such cases is the welfare of the minor children." *See also Moffett and Moffett,* 29 Or App 303, 563 P2d 741 (1977).

■ The issues involved in custody matters are purely factual, and while we review *de novo,* the determination of the trial judge in such cases is entitled to great weight because of his opportunity to see and hear the parties and witnesses. *McCoy and McCoy,* 28 Or App 919, 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977); *Amundson v. Amundson, supra; Mackey v. Mackey,* 1 Or App 177, 460 P2d 371 (1969).

■ We conclude, after reviewing the record, that this case is one of the rare ones where divided custody is appropriate. Without reciting the facts, it is sufficient to point out that the younger child was born while the parties were separated, and has never lived with husband. The determination of the trial judge is adequately supported by the record, and we defer to his judgment as to the fitness of each parent because he had the advantage of seeing and hearing the parties. Accordingly, that portion of the decree is also affirmed.

■ Husband, on his cross appeal, contends that the trial court erred in awarding wife $750 as attorney's

"(c) The desirability of continuing an existing relationship.

"(2) The best interests and welfare of the child in a custody matter shall not be determined by isolating any one of the relevant factors referred to in subsection (1) of this section, or any other relevant factor, and relying on it to the exclusion of other factors.

"(3) No preference in custody shall be given to the mother over the father for the sole reason that she is the mother.

"(4) In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall consider the conduct, marital status, income, social environment or life style of either party only if it is shown that any of these factors are causing or may cause emotional or physical damage to the child."

fees and costs. The parties did not stipulate that the court could set a reasonable attorney's fee without the production of evidence nor was any such evidence produced. As for costs, no cost bill was filed. That award was error, and therefore must be deleted from the decree. *Hillyer and Hillyer,* 28 Or App 867, 562 P2d 205 (1977); *Barrong and Barrong,* 25 Or App 347, 549 P2d 530, *rev den* (1976); *Fery and Fery,* 20 Or App 581, 532 P2d 1131 (1975).

Affirmed as modified. No costs to either party.