Argued February 28, affirmed as modified
May 21, reconsideration allowed July 10, 1979

In the Matter of the Marriage of
KERLEE, *Appellant-Cross-Respondent,*
*and*
KERLEE, *Respondent-Cross-Appellant.*
(No. 33041, CA 11916)

595 P2d 487

James Eickelberg, Corvallis, argued the cause for appellant-cross-respondent. With him on the brief was Eickelberg & Fewel, Corvallis.

Michael F. McClain, Corvallis, argued the cause and filed the briefs for respondent-cross-appellant.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

Husband appeals, and wife cross appeals, from a dissolution decree, each contending that the trial court erred in dividing custody of the children of the marriage and in the valuation of the marital home. In addition, husband assigns error to the award of spousal support. We affirm all support provisions without discussion and discuss only briefly the remaining assignments of error.

The parties had been married 13 years and were the parents of three children, Michael, born January 4, 1967, John, born October 15, 1970, and Robert, born May 18, 1974. Both parents were full-time students during the pendency of this suit and both were found by the Director of the Benton County Juvenile Department to be fit and proper to have custody of each of the children. The court determined that it was in the best interest of the children that husband have custody of Michael and wife have custody of John and Robert. Both parties seek custody of all children.

Although we review *de novo,* the findings of the trial court in custody proceedings are entitled to great weight. There is no substitute for seeing and hearing the parties involved, and we are reluctant to disturb a trial court's determination as to what arrangements are in the best interest of the children. *Underwood and Underwood,* 38 Or App 213, 589 P2d 1172 (1979); *Amundson v. Amundson,* 7 Or App 33, 489 P2d 983 (1971). The evidence supports the trial court's action in dividing custody.

The family home was built upon property owned then and now by husband's parents. Husband and wife have paid taxes on the improvements only, not on any land because they do not own any of it. There is no dispute that the tax assessor's current appraisal on the structure alone is $32,650. The court, after reviewing independent appraisals performed at its request, set the value of the house *plus* a reasonable amount of land (to be not less than one acre) at $65,000. It

awarded husband the house, and awarded wife a judgment against husband and his interest in the house and land in the amount of $32,500 to be paid within two years. Both parties assign error to this valuation: husband contends it is too high and wife contends it is too low.

█ There is no basis in the record for the court to determine that husband had any right to acquire, or that he would acquire, any amount of land. There is no evidence of any agreement, either formal or informal, by the parents to grant husband any interest in the land. In fact, husband's father testified that he had told husband at the outset that he would not split up his land; before the house was built, the father rejected wife's request to deed the land to them. Without some showing that the husband would acquire the land, it was pure speculation to conclude that the house could be sold with any quantity of land. Therefore, we modify the court's property division by reducing the wife's judgment against husband to $16,325, which is one-half the value of the structure, to be paid within two years from the date of the original decree, with interest.

Affirmed as modified. Costs to neither party.